E. PORCHE, Curator, *v.* CREDITORS OF THE SUCCESSION OF JOHN G. BANKS.

An administrator of an Estate is bound, legally and morally, to manage its affairs with at least as much prudence as he would his own, and, if disregarding it, he pays more for services, professional, or otherwise, rendered the Succession, than they could have been procured for, he violates his duty, and must bear the loss.

If an administrator unadvisedly institutes suit, the Estate ought not to suffer loss by it.

APPEAL from the District Court, Fifth District, Parish of Terrebonne, *Randall*, J. *Hall*, for Plaintiff. *Beatly*, for Heirs of Banks, opponents and appellants.

9

DUNBAR, J. The Heirs of *William Banks* are appellants from a judgment homologating the account filed by the present Curator. Their opposition is confined to the amount of commissions allowed the present and former curators, and to the amounts paid *J. L. Cole* and *Winchester Hall* for legal services rendered the succession. The commission of $176 32, allowed *L. E. Barras* the former curator, was settled by the homologation of his account in September, 1848, and is not now a subject for investigation.

The commissions of the present curator were properly charged on the amount of funds which came into his hands. See C. C., arts. 1189 and 1200, and case of *Smith*, admr. v. *Cheney*, admx., 1 Robinson, 98.

The amounts paid· to *J. L. Cole* and *W. Hall*, as attorneys for the curators, *Barras* and *Porche*, are opposed, mainly upon the grounds that they are excessive. At the time of the rendition of the account, *J. L. Cole* had already received $2650, and filed an opposition claiming to be paid $800 additional. The opposition was sustained to the extent of $290 00, making his compensation altogether $2940. The amount paid to *W. Hall* was $1950, which was ratified by the Court.

We have given our most attentive consideration to the evidence adduced in support of these claims, and the conclusions arrived at do not support the opinion of the District Judge. An administrator of an estate is bound legally and morally to manage its affairs, with at least as much prudence as he would his own, and if, disregarding it, he pays more for services, professional or otherwise rendered the Succession, than they could have been procured for, he violates his duty, and must bear the loss.

In the present case, had the curator made the proper exertions, he could, as the evidence establishes, have obtained gentlemen of the bar, possessed of ability and experience, to prosecute the suits he brought for a remuneration considerably less than that he has paid ; and if suits are unadvisedly brought, as we think was the case of "*Porche, curator*, v. *Connelly*," the estate ought not to suffer loss by it. "It is," as this Court has had occasion more than once before to remark, "a matter of great delicacy to determine the· compensation due for professional services." But where estates are concerned, "we cannot be too rigid in adhering to the rule, that the fee must be graduated by the value of the services rendered." Such was the language of this Court in the case of *Stein* v. *Bowman*, 9 Lou'a, 284, and *Macarty's Succession*, 3 Ann., 517. Adhering to these views, we are of opinion from the evidence that $1900 would be sufficient remuneration for the services rendered by *J. L. Cole*, and $600 for those rendered by *W. Hall*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be reversed so far as it decrees that *J. L. Cole* should receive $2940 for legal services rendered the estate, and so far as it confirms the payment already made to him of $2650, and the payment made to *Winchester Hall* of $1950 ; and, for the reasons already adduced, it is ordered adjudged and decreed, that the curator, *E. Porche*, shall only be entitled to a credit on his account of $1900 paid *J. L. Cole*, and $600 paid to *Winchester Hall*, and that the judgment in favor of the Heirs of *William Banks* be so amended that the net assets of the estate be divided amongst them shall be $39,280 52, instead of $36,890 52, as rendered. And that in all other respects the judgment of the District Court be affirmed—the costs in both Courts to be paid by the estate.