# CASES

| 20 | 21 |
|----|-----|
| 88 | 1½ |

## Asa Davis *versus* Ebenezer French, Adm'r.

Where the cause of action existed against the deceased, the executor or administrator may make himself liable by a written promise to pay, founded on sufficient consideration; and in such case the action should be brought against him in his own right.

A promise from the executor or administrator, as such, to pay a debt due from the deceased, may be alleged in an action brought against him as executor or administrator and then the judgment should be *de bonis testatoris*.

The executor or administrator can create no debt against the estate of the deceased.

THIS was an action founded on a note signed by the defendant as administrator of one Zadock French deceased.

The parties agreed that judgment should be rendered against said Ebenezer, either in his individual capacity, in which event the plaintiff was to take no costs, or against him as administrator with costs, as the Court may adjudge.

This case was submitted upon the briefs of counsel.

*G. B. Moody*, for the defendant. The question to be settled in this case, is the liability of the intestate's estate to be charged with the payment of the note in suit. Where the estate has been declared insolvent, the claims must first be presented to the Commissioner, and no suit can be maintained upon any claim unless it has been disallowed by them, &c. St. 1821, c. 51, § 25. A time is limited within which a

suit is to be brought, and if not seasonably commenced the administrator is liable for waste, if they do not resist it, and judgment is recovered against the estate. St. 1821, c. 52, § 26; *Brown* v. *Anderson*, 13 Mass. R. 203; *Emerson* v. *Thompson*, 16 Mass. R. 178.

The object of the statute was to provide for a termination to liability of estates for debts which otherwise would be a lien upon them forever. Estates ought not to be charged on the contracts of the administrators arising out of debts against the intestate, for that would allow them to nullify the statute, by giving to the creditor a new term of time in which to commence a suit, to wit, from the date of the note. If this action could prevail, an administrator might burthen an estate with his own debts not only for an unlimited term of time, but also for an unlimited amount. A guardian cannot bind the estate of his ward by his own note given in that capacity. *Thatcher* v. *Dinsmore*, 5 Mass. R. 301; *Foster* v. *Fuller*, 6 Mass. R. 58; *Sumner* v. *Williams*, 8 Mass. R. 199. The principle applies to this case, — it is, that the estate cannot be charged by their contract.

*Cutting*, for the plaintiff. Judgment in this case should be against the goods of the testator in the hands of the administrator and not against the administrator's own goods. *Whitaker* v. *Whitaker*, 6 Johns. 115. That an executor or administrator, as such, is liable upon his contracts in that capacity seems assumed in *Carter* v. *Phelps*, 8 Johns. 441; 1 Chitty on Pleading, 205.

The opinion of the Court was by

SHEPLEY J. — Where the cause of action exists against the intestate, and the administrator for a sufficient consideration promises to pay, the action may be brought against him in his own right, and a general judgment should be entered against him. *Wheeler* v. *Collier*, Cro. Eliz. 406; *Atkins* v. *Hill*, Cowp. 284. But since the statute of frauds such a promise must be in writing. And no judgment can in such an action be entered against the estate of the intestate. *Hawkes* v.

*Saunders*, Cowp. 289. It was decided in the case of *Trevinian* v. *Howell*, Çro. Eliz. 91, where the executor for a sufficient consideration promised to pay a debt due from the testator, and the action was brought against him as executor, that a judgment against him *de bonis propriis*, was not erroneous. But in *Secar* v. *Atkinson*, 1 H. Bl. 102, where the action was against the administratrix, it was decided, that a count on her own promise to pay a debt due from the intestate might be joined with counts on promises of the intestate ; and that the proper judgment on all the counts was *de bonis testatoris*. And Heath J. in delivering the opinion, says, " this is the common mode of declaring against executors and administrators to save the statute of limitations ; but if it were to be considered as making them personally liable, I do not know, who would ever take out administration."

The true doctrine on this subject appears to be, that where the cause of action existed against the deceased, the executor or administrator may make himself personally liable by a written promise founded upon a sufficient consideration. And in such case the action should be brought against him in his own right, if the plaintiff would have a judgment against him in preference to one against the estate. A promise from the executor or administrator, as such, to pay a debt due from the deceased may be alleged in an action brought against him as executor or administrator, and in such case the judgment must be *de bonis testatoris*. But the executor or administrator cannot create a debt against the deceased. And it is immaterial how clearly the intent to do so may be expressed ; for having no power to bind the estate he only binds himself by such a contract. And there can therefore be no judgment *de bonis testatoris ;* and the action should be brought declaring against him in his own right. *Barry* v. *Rush,* 1 T. R. 691 ; *Sumner* v. *Williams,* 8 Mass. R. 199 ; *Myer* v. *Cole,* 12 Johns. 349.

In this case the contract originated with the administrator and there is no evidence that the debt also did not, and no judgment can be entered against the estate which he represents.

*Judgment against defendant generally without costs.*