## WALKER *versus* PATTERSON.

To charge an executor, on a written contract, to pay a debt due from his testator, it must be founded upon a sufficient consideration.

And the action will then lie against him *personally*, although the contract was signed in his representative capacity.

Proof of the consideration required to sustain the contract, must be furnished by the party who would enforce it.

Where an executor was dissatisfied with the exhibit of the company debts and assets, made by the surviving partners of his testate; and by leave of the Judge of Probate he referred the matter in dispute, and the balance of the indebtedness of the company beyond its assets was found by the referee, one third of which the executor agreed in writing to pay to a creditor of the company, but did not secure the estate from any further or other liability for the partnership debts; — *Held* that the contract was without any valuable consideration, and no action could be maintained thereon.

ON FACTS AGREED.

ASSUMPSIT, for money paid for defendant.

The defendant is executor of the last will and testament of Isaac Smith, late of Hallowell, deceased. The will was approved and defendant entered upon his trust. Said Smith, was, at the time of his death, a co-partner with the plaintiff and one Richard F. Perkins.

The surviving partners filed in the probate office of the county of Kennebec, a statement and inventory of the accounts of said partnership, as required by law.

The defendant, as executor, not being satisfied with their return, with the approval of the Judge of Probate, agreed to submit the matters in controversy between said co-partners to an arbiter. The whole amount of indebtedness of said co-partnership was by him found and the total assets in the hands of the surviving partners, leaving a balance of indebtedness of $587,41, besides a claim for insurance paid by the surviving partners, and not embraced in the accounts.

Among the debts due from the co-partnership was a note of $300, running to Williams Emmons.

At the hearing, after the results had been ascertained, the defendant gave to the surviving partners a paper of the following tenor; — "My proportion, as executor of the estate of Isaac

Smith, of the liabilities of the co-partnership of Smith, Walker & Perkins, as estimated, and a list of which is left with Wms. Emmons, Esq., amounting to $1850,27, is $195,80, which sum, together with $76,05, being the amount of Walker & Perkins' bill for insurance on vessels, &c., last year, I agree to pay as my full proportion of said liabilities, on the note held by Wms. Emmons, Esq., signed by Smith, Walker & Perkins, for $300, dated March 2, 1847, two years interest on which having been paid.     " J. W. Patterson, *Executor*.

"August 22, 1849."

On this note, March 5, 1851, the defendant paid for interest, $18,00.   The balance of said note, not having been paid by defendant, was paid to Emmons by plaintiff, to recover which this action is brought.   The estate of Smith is solvent and not finally settled.

It was stipulated that if, in the opinion of the Court, the action could not be maintained, the plaintiff is to become nonsuit; otherwise the defendant is to be defaulted for the sum agreed by him to be paid on the note due to Wms. Emmons, and interest.

*Evans*, for plaintiff.

The defendant is *individually* liable on his contract, although he subscribed it, as "executor." It created a *new contract* between the parties, which executors and administrators cannot do, to bind the estate.

The *mode of payment,* originated with the defendant and binds himself.

The agreement was founded on sufficient consideration. The settlement of the co-partnership concerns, and the implied, if not *express* obligation on the co-partners to pay the remaining debts, formed a sufficient consideration.

In the margin of the original paper, in defendant's own writing, are the words " W. & P. to pay $1578,42," being the balance of the co-partnership indebtedness.   This is evidence of an express promise on their part.

The authorities are very decisive on the questions. *Thacher & al.* v. *Dinsmore,* 5 Mass. 302; *Foster* v. *Fuller,* 6 Mass. 58.

In both these cases the notes were signed as "guardian" but both were held personally liable.

In *Wheaton* v. *Wilmarth,* 13 Metc. 422, concluding paragraph of the opinion, the Court held an administrator personally responsible, to one who had, *at his request,* become guarantor on a note against his intestate. Story on Prom. Notes, § 63; *Hill* v. *Bannister,* 8 Cowen, 31; *Davis* v. *French,* and cases cited by SHEPLEY, C. J., 20 Maine, 21; *Sumner* v. *Williams & al.* 8 Mass. 162.

The defendant has abundant assets of the estate for his indemnity, and no injustice will be done by holding him personally responsible, whereas the plaintiff has no remedy against the executor, the action being barred by the statute of limitations without fault on his part, but by the negligence of the defendant himself.

*Vose,* for defendant.

An attempt is here made to hold the defendant in his *private* capacity in opposition to his express stipulation. It seems there was some dispute as to the indebtedness of the estate, and to ascertain the amount, the matter was submitted to arbitration. No bond was given defendant, no promise in consideration of the submission preceded the same. It was like the case of *Pearson* v. *Kenney,* 5 D. & E. 6, for the purpose of ascertaining the amount of indebtedness due from the testator, which cannot bind the defendant in his private capacity.

The principle, that an agent who exceeds his authority is bound personally, does not apply to this case.

Here is no new contract; no new consideration; no value received; no forbearance to sue; no release of any demand against the estate, as a consideration for the promise; no extinguishment of one contract, by the substitution of another, as by giving a negotiable note in payment of an account. The paper is not negotiable in its terms, and does not even purport to be for value received. It is a mere ascertainment of the proportion due from the estate, and an agreement on

the part of the defendant in his *official* capacity, that such sum is due on demand.

But neither the holder of the note, nor the plaintiff has made the demand as might have been done of the estate.

The defendant never intended to charge himself personally, and according to decided cases, he is neither legally, nor morally bound. *Macbeath* v. *Haldimand*, 1 T. R. 172; *Hodgdon* v. *Dexter*, 10 Cranch, 345; *Brown* v. *Austin*, 1 Mass. 208.

The commencement and conclusion of this instrument, show clearly, that the intent of the defendant was simply to act in his capacity as executor.

In the case *Rann* v. *Hughes*, in the notes to the case of *Mitchinson* v. *Hewson*, 7 D. & E. 346; where demands were submitted to a reference to ascertain the amount due, no new consideration being proved, all the Judges agreed, that the defendant could. not be liable in her personal capacity ; the promise must be coëxtensive with the consideration. This case is believed to be in point, as is also the subsequent case of *Ten Eyck* v. *Vanderpool*, 8 Johns. 120, which refers back to the case of *Rann* v. *Hughes*, as authority, and is a much stronger case than the one at bar, inasmuch as the defendant in his note acknowledged a value received. In the case at bar, there was no such acknowledgment, and no consideration existed as a matter of fact.

SHEPLEY, C. J. — The law applicable to this case,. appears to have been correctly stated in the case of *Davis* v. *French*, 20 Maine, 21.

Assuming the contract subscribed by the defendant, as exècutor, to bind himself, if made upon sufficient consideration, the only question presented will be, whether such a. consideration is exhibited by the agreed statement.

The arbitrator appears to have determined only the amount of the debts due from the partnership, and the amount of its assets in the hands of the survivors. These facts having been ascertained, the amount to be paid out of the private property

of each member would be determined. It might happen, that one would be required to pay more than his share from the inability of another member to pay his due proportion.

The defendant by his contract appears to have agreed to pay the exact third part, that would be payable from the estate of his testator, and the amount' of a bill paid by the survivors for insurance of the partnership property. If he had secured the estate from any further or other liability for partnership debts, that might have constituted a sufficient consideration for his contract. But he does not appear to have done so. The creditors of the partnership might have collected their debts from the estate of his testator, and the executor's remedy would have been to collect the amount over the testator's share of the other members. They would not have been jointly liable for each other, beyond the amount of the assets of the partnership. Nor would they have been bound by the memorandum made by the defendant, and not signed by them; " W. & P. to pay $1578,42."

It is not perceived, that the rights of either member of the partnership were at all varied, or that the defendant derived any personal advantage from the contract signed by him, or from the submission and award.

`Proof, that a written contract for payment of a debt due from another, was made for a valuable consideration, must come from the party, who would enforce it ; and the proof to be derived from the agreed statement, is not sufficient.

*Plaintiff nonsuit.*

Tenney, Appleton and Cutting, J. J. concurred.