## DUNNE v. DEERY.

1. **Evidence:** ADMINISTRATOR DE BONIS NON. In an action against an administrator *de bonis non*, a witness may testify to transactions and communications with the former administrator. Such evidence is not within the prohibition of Sec. 3639 of the Code.

2. **Administrator:** CANNOT BIND THE ESTATE BY PROMISSORY NOTE. An administrator cannot bind an estate by his note, although he signs it as administrator.

3. ———: FOR WHAT THE ESTATE IS LIABLE. The estate is liable for the consideration of a note executed by an administrator, if it be for the payment of indebtedness against the estate.

4. **Practice in the Supreme Court:** PREJUDICE. While the presumption of prejudice will arise from a legal error, yet that presumption may be overcome; and when it is made to appear that no prejudice resulted, the Supreme Court will affirm the judgment.

*Appeal from Dubuque Circuit Court.*

FRIDAY, MARCH 19.

JOHN SCULLY died intestate prior to September, 1870, and Catharine Scully was appointed administratrix of his estate. The plaintiff alleges that, prior to September 9, 1871, he furnished said administratrix, for the benefit of said estate, cash to pay interest, $50; to pay appraisers, $25; for repairing road, $12 50; for cutting hay and stacking, $20; and furnished other items, cash, tea, sugar, etc., a detailed account of which is set out, aggregating $130; that on the date last named,

Catharine Scully, administratrix, gave a note therefor, which is set out; that since said date Catharine Scully had died, and the defendant, John Deery, has been appointed administrator *de bonis non* of said estate; he asked judgment for that sum, with interest. The defendant demurred to the petition; it was overruled; he answered in denial; jury trial; verdict and judgment for plaintiff for $135.23. The defendant appeals.

*H. T. McNulty*, for appellant.

*Beach & Hurd*, for appellee.

Cole, J.—I. Upon the trial the plaintiff was introduced as a witness for himself, to prove the transactions upon which 1. EVIDENCE: the action is based; he was objected to as being administrator de bonis non. incompetent, under Code, § 3639, because the person with whom the transactions were had was dead, and the administrator of a deceased person was a party defendant. But this case is not within either the letter or spirit of that section, for that the defendant here is not the administrator of the person with whom the transactions were had. The court did not, therefore, err in overruling the objection.

II. After the court had, by the first and second instructions, as we think, notwithstanding the criticism by counsel, fairly stated the issues to the jury, he gave the following instruction: " 3. The note being given by said Catharine Scully, executrix, if it shows that it was given as executor of said John Scully, and if it is established to your satisfaction that the money or other articles were furnished to her as executor, to pay indebtedness against said estate, or to improve said estate, for so much as you so find you will return a verdict for the plaintiff; for groceries and goods furnished generally to Catharine Scully, you will not allow the plaintiff." The giving of this instruction is assigned as error.

The rule is very well settled that an administrator or executor cannot bind the assets of the deceased by his promissory 2. ADMINIS- note; if he executes a note, and adds to his TRATOR: can- not bind the signature, " as executor for " the deceased, he will estate by note. nevertheless be personally liable. *King v. Thone*,

Dunne v. Deery.

1 Tenn. Rep., 489; *Aspinall v. Wake*, 10 Bing, 55; *Davis v. French*, 20 Maine, 21; *Walker v. Patterson*, 36 Maine, 273. But while the administrator will be personally and alone bound upon the note, yet if that for which it was given was legally a claim against the estate, the giving and accepting the note will not, without more, discharge the estate. And this because the giving of a note is not of itself evidence of payment. 2 Pars. on Notes and Bills, 150, and cases cited in the notes. If, therefore, in the language of the instruction, the money was furnished to the executrix to pay indebtedness against said estate, it would justly be liable for the amount so furnished, and so far at least the instruction is correct.

3. ———: for what estate is liable.

But, in our view, for money furnished "to improve the estate," the defendant, as administrator, would not, as a general rule, be liable; and if there was nothing more appearing in the whole record than simply the statement of this legal proposition, we could not affirm the judgment. But it appears to us that the record shows such facts as to affirmatively establish the absence of prejudice which this legal error would imply. The whole of the evidence is before us, and only one item of the claim relates to the improvement of the estate, and that is an item for money paid for repairing a road, $12.50. From the testimony the jury must have found that the money was expended for repairing a road on the farm of the deceased, rendered necessary in order to haul over it, and thus secure the crop of hay which the administratrix had cut and put up after the death of John Scully, and in October, 1870. In this view, the item is rather a legitimate expense connected with the preservation of the property of the estate, than an expenditure to improve the estate. While the presumption of prejudice will arise from a legal error in a cause, yet that presumption may be overcome, and where it is made affirmatively to appear that no prejudice did or could have resulted to the appellant by reason of the error, it is the duty of this court to affirm.

4. PRACTICE: in the Supreme Court: prejudice.

AFFIRMED.