[No. 7,884.—In Bank.]
December 12, 1882.

ISIDOR DANIELWITZ v. ANN SHEPPARD ET AL.

CONTRACT AGAINST PUBLIC POLICY—CONTRACT BY ADMINISTRATRIX OR BY HEIR OF DECEASED PERSON AS TO COMMISSIONS OF BROKER—ADMINISTRATION—ESTATES OF DECEASED PERSONS.—The defendant Ann Sheppard, as administratrix of the estate of her deceased husband, under an order of the Court, sold real property belonging to the estate for the sum of $28,500, and reported the sale to the Court for confirmation. Pending the proceedings for confirmation the administratrix and her co-defendant, Jennie Sheppard, an heir of deceased, made the following agreement in writing: " San Francisco, April 28, 1877. We hereby agree and promise to pay Isidor Danielwitz all the money in excess or over and above the sum of twenty-nine thousand and five hundred dollars ($29,500), United States gold coin, for his services in the way of a commission for obtaining a purchaser for property sold on the sixteenth day of April, 1877, by order of the Probate Court of the City and County of San Francisco, belonging to the estate of John R. T. M. Sheppard, deceased. Said purchaser shall pay the sum of $31,350 gold coin or more; said sum being ·an advance of ten per cent. or more, as provided by law for said property so sold; the essence of this agreement being the payment to said Isidor Danielwitz of all sum or sums of money obtained or bid for such property sold as hereinafter described in excess of the sum of $29,500, gold coin, irrespective of what said excess may be as the payment to him, said Danielwitz, in the procuring of said purchaser. Said property is described as follows: [Here follows the description of the property described in the complaint.] This agreement being made with said Danielwitz in good faith, and which we promise faithfully to carry out as hereinbefore stated. Ann Sheppard, Administratrix of the estate of J. R. T. M. Sheppard, deceased. Jennie Sheppard, Heir. Witnessed by R. B. Turner." Afterwards, to wit, on the thirtieth of April, 1877, the plaintiff procured one Corcoran to bid, in writing, for the property, the sum of $31,500. On

62   339
81   510
62   339
d129  524
62   339
e139  505

the same day one McLaren put in an advance bid of $34,500, and on the first of May following, Corcoran bid the sum of $37,000, for which last named sum the property was sold and confirmed to him; and he thereupon paid to the estate that sum and received the administratrix's deed. The action was brought against the defendants, " as heirs of the estate," to recover the difference between $29,500 and $37,500.

*Held:* Even if the agreement be treated as the individual contract of Ann and Jennie Sheppard, it is contrary to the provisions of statute, against the policy of the law, and is invalid.

APPEAL by defendants from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. WILSON, J.

Action on contract. The Court below found that the contract was executed by the defendants, as heirs of the estate, and not in any representative capacity, and that it was so understood and agreed at the time of its execution. Judgment was given in favor of the plaintiff for the sum of two thousand three hundred and twenty-nine dollars and forty-seven cents, being the difference between the sum of twenty-nine thousand five hundred dollars, and the original bid of McLeran and interest thereon. Both the plaintiff and the defendants appealed. For the report of the case on the plaintiff's appeal see *Danielwitz* v. *Sheppard*, No. 7,984, opinion filed December 12, 1882, *post*, 342. The other facts are stated in the opinion of the Court.

*Tully R. Wise*, for Appellant.

*Eugene N. Deuprey* and *W. M. Pierson*, for Respondent.

The COURT:

J. R. T. M. Sheppard died in the City and County of San Francisco, leaving certain real estate therein. His widow, Ann Sheppard, was appointed administratrix of his estate, and afterwards obtained an order directing certain of the real estate to be sold. One Regan bid therefor the sum of twenty-eight thousand five hundred dollars, which bid was accepted by the administratrix, who made return of the sale with an application on her part to the Court for confirmation thereof.

An existing statute declared: "Upon the hearing, the Court must examine the return and witnesses in relation to the

same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appear that a sum exceeding such bid at least ten per cent., exclusive of the expenses of a new sale, may be obtained, the Court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten per cent. more in amount than that named in the return be made to the Court in writing, by a responsible person, it is in the discretion of the Court to accept such offer and confirm the sale to such person or to order a new sale." In this condition of fact and law the following agreement in writing was entered into:

"SAN FRANCISCO, April 28, 1877.

"We hereby agree and promise to pay Isidor Danielwitz all the money in excess or over and above the sum of twenty-nine thousand and five hundred dollars, United States gold coin, for his services in the way of a commission for obtaining a purchaser for property sold on the sixteenth day of April, 1877, by order of the Probate Court of the City and County of San Francisco, belonging to the estate of John R. T. M. Sheppard, deceased. Said purchaser shall pay the sum of thirty-one thousand three hundred and fifty dollars, gold coin, or more; said sum being an advance of ten per cent., or more, as provided by law for said property so sold; the essence of this agreement being the payment to said Isidor Danielwitz of all sum or sums of money obtained or bid for such property sold as hereinafter described, in excess of the sum of twenty-nine thousand five hundred dollars, gold coin, irrespective of what said excess may be as the payment to him, said Danielwitz, in the procuring of such purchaser. Said property is described as follows: [Here follows the description of the property described in the complaint.] This agreement being made with said Danielwitz in good faith, and which we promise faithfully to carry out as hereinbefore stated.

"ANN SHEPPARD,
"Administratrix of the estate of J. R. T. M. Sheppard, deceased.
"JENNIE SHEPPARD, Heir.
"Witnessed by R. B. Turner."

Afterwards, to wit, on the thirtieth of April, 1877, the

plaintiff procured one Corcoran to bid, in writing, for the property, the sum of thirty-one thousand five hundred dollars. On the same day one McLeran put in an advance bid of thirty-four thousand five hundred dollars, and on the first of May following, Corcoran bid the sum of thirty-seven thousand dollars, for which last-named sum the property was sold and confirmed to him; and he thereupon paid to the estate that sum, and received the administratrix's deed.

The plaintiff claims that, by virtue of the agreement above set forth, he is entitled to the difference between the sum of twenty-nine thousand five hundred dollars and the sum of thirty-seven thousand dollars, for which the property was sold to Corcoran; and he brought this action against Ann Sheppard and Jennie Sheppard, as "heirs of the estate" of J. R. T. M. Sheppard, deceased, to recover that difference.

Even if the agreement be treated as the individual contract of Ann and Jennie Sheppard, it is invalid. Neither of them had any power so to dispose of the proceeds of sale of the real property of the deceased Sheppard. That property could only be sold in the manner pointed out by statute, and all the money derived from its sale became assets of the estate, and subject to disposition only in accordance with law. The disposition contemplated by the terms of the agreement sought to be enforced in this action, of a portion of those proceeds, is unauthorized by any provision of the statute, and contrary to the policy of the law.

Judgment and order reversed.