FIRST   NATIONAL   BANK   OF   WHITE   SULPHUR SPRINGS RESPONDENT, *v.* COLLINS ET AL.,

APPELLANTS.

[Submitted January 13, 1896.  Decided January 20, 1896.]

ADMINISTRATORS—*Money  borrowed  for  the estate—Personal liability.*—An administrator who borrows money in his representative capacity, but without permission of the court, and which he  does  not appear to have used in settlement of an existing debt created by the deceased, or  for  administration expenses, or for the actual preservation of  the estate, but in  the  payment of bills  and  debts  of  the estate generally, is personally liable therefor.

*Appeal from  Sixth  Judicial  District,  Meagher  County.*

ACTION on promissory notes.   Judgment on the pleadings was rendered for the plaintiff below by HENRY, J. Affirmed.

Statement of  the  case by  the  justice delivering  the  opinion.

This action was brought by the plaintiff against the defendants upon two promissory notes made payable to plaintiff, and

one promissory note payable to John T. Wood, and indorsed to plaintiff.    All the notes were signed by the defendants as administrators of the estate of Jonas Higgins, deceased.

The defendants, by answer, admitted the making of the notes alleged.    As a defense they set forth that they did not receive the amount of said notes personally.    They further set up that they executed and delivered the notes as administrators, in their capacity as such, and the plaintiff contracted with defendants as administrators, and not as individuals, or personally, and that the amount of the notes was paid to the estate of Higgins, deceased,—that is to say, that it was put to the account of the Higgins estate in the plaintiff bank,—and that the money was then paid out by plaintiff, upon checks drawn by the defendants as administrators, to pay bills and debts of the estate.

Upon this answer being filed, plaintiff moved for judgment upon the pleadings.    This motion was granted, and judgment entered accordingly, from which judgment this appeal is now taken by the defendants.

*Waterman & Callaway* and *H. G. McIntire*, for Appellants.

I.    The intention of the parties when the notes were made and received was to charge the estate.    Such intention appears from the way the several notes are signed, and is directly averred in the answer.    That such intent may be shown by parol is amply sustained by authority, as is also the fact that these various notes are estate paper and not individual obligations.    (*Gerber* v. *Stuart*, 1 Mont. 177; *Sayer* v. *Nichols*, 7 Cal. 535; *Hall* v. *Crandall*, 29 Cal. 568; *Lander* v. *Castro*, 43 Cal. 497; *Blanchard* v. *Kaull*, 44 Cal. 440; *Bean* v. *Pioneer Min. Co.*, 66 Cal. 451; *Burgess* v. *Fairbanks*, 83 Cal. 215, S. C. 23 Pac. 292; *Metcalfe* v. *Williams*, 104 U. S. 93.)

II.    All the consideration for the notes went to the estate and none to the defendants individually, and therefore, as to the defendants individually the contracts sued on are *nudum pactum*.    If the money for which the note is given was obtained for the purpose of paying off debts of the estate and was used

for that prupose, then the estate is liable and not the administrator personally. (*Dunne* v. *Deery*, 40 Iowa, 251; *McLaughlin* v. *Winner*, 23 N. W. Rep. 466.)

III. The plaintiff bank is estopped from asserting these notes to be individual contracts of defendants. It accepted them as estate paper, passed the money thereby borrowed to the credit of the estate, paid out the sum on checks drawn in payment of estate debts, and applied the funds of the estate in its possession in part payment of the same. (Bigelow on Estoppel 3d. Ed. 562.)

*Smith & Gormley*, for Respondent.

If the administrator wishes to avoid personal liability he must expressly stipulate that the creditor shall be paid out of the estate only. (2 Warner's Amer. Law of Administration, §§ 356 and 381; *Curtis* v. *Nat. Bank*, 390 Ohio St. 579.) An estate is not liable to an attorney for services rendered at the instance of an administrator, but the latter may be personally liable. (*Gurnee* v. *Maloney*, 38 Cal. 85, Page's Estate, 57 Cal. 238; *Seaman* v. *Whitehead*, 78 N. Y. 309. See, also, *Dodson* v. *Nevitt*, 5 Mont. 518; *Bott* v. *Barr*, 95 Ind. 243; Story on Contracts, §§ 282, 283, 287; Addison on Contracts, § 382; *Dwindle* v *Henriquez*, 1 Cal. 388.) The principle is that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the deceased. (*Austin* v. *Munro*, 47 N. Y. 360; *Lucht* v. *Behrens*, 260 Ohio St. 231.) If an executor or administrator make, indorse, or accept negotiable paper, he will be held personally liable, even if he adds to his own name the name of his office. (1 Parson on Bills and Notes, 161; *Schmittler* v. *Simon*, 101 N. Y. 558. (5 N. E. 452); *Rittenhouse* v. *Ammerman*, 64 Mo. 197.) That the giving of a negotiable note, as administrator, is such a departure from his authority as to relieve the estate from liability is a proposition firmly established. (*Curtis* v. *Nat. Bank*, 39 Ohio St. 583; *White* v. *Thomas*, 9 Atl. 118.)

De Witt, J.—The defendants, in their answer, make their allegations with some vigor of language, but when we arrive simply at the facts set up, the pleading of defendants seems to be that they, as administrators of the Higgins estate, borrowed this money and used it for the estate.

We cite the following remarks from some of the leading text writers upon the law of administration, negotiable instruments, and commercial paper :

" It is a well recognized principle that for liabilities contracted by the personal representative, although for the benefit and in the interest and behalf of the estate, it is not liable to creditors. Disbursements, reasonable. in amount, and for services necessary in the proper discharge of the duties imposed upon them, will constitute a charge in favor of executors and administrators against the estate, although their allowance should leave no surplus to pay creditors of the deceased; but, in the absence of statutory authority, the probate court, as already stated, has no jurisdiction to adjudicate between the personal representative and the creditor. It follows that the estate is not liable to an attorney for his services at the instance of an executor or administrator, but that the latter is himself liable in a suit by the attorney. So for corn fed to the stock of the estate; for the terms of a contract by the administrator in renting the land of the estate. The same holds good in respect of negotiable paper made, indorsed or accepted by him, although he add to his signature his official character; and *a fortiori*, where he gives a bond. So where the executor employs a salesman to take charge of the stock in trade belonging to the estate, or a sawyer to saw lumber. So where money is borrowed by pledging property of the estate, unless pledged for the purposes of administration. For the same reason, the estate is not bound by the administrator's agreement to credit a note payable to his decedent with the value of work done upon the lands of the estate." (2 Woerner on American Law of Administration, § 356.)

"The executor or administrator of a decedent has no power to bind the latter's estate by any note or bill which he may

make in his representative capacity.   So, also, is it impossible for the executor or administrator to bind the estate by the acceptance of a bill drawn in settlement of a claim against the estate.   In all such cases, the executor or administrator is personally liable, even though the signature is stated in the most explicit manner to have been made in his representative character.''   (Tiedeman on Commercial Paper, § 146.)

''An administrator or executor cannot bind the decedent's estate by any negotiable instrument.   He can only bind himself.   If he make, accept or indorse a negotiable instrument, he will bind himself personally, even if he adds to his own name the designation of his office as personal representative. Thus, if he signs himself 'A. B., Executor (or administrator) of C. D.,' or 'A. B., as Executor of C. D.,' the representa tive terms will be rejected as surplusage.   And an accommodation indorser, or acceptor, who pays the amount of the instrument, has no claim against the decedent's estate.   But if the bill or note of the personal representative be taken for a debt of the decedent, the estate is discharged from liability, and the representative alone is bound.''   (1 Daniel on Negotiable Instruments, § 262.)

''Where a note or bill is given by an executor or administrator, as such, he will, in general, be individually liable for its payment.   So, upon an indorsement by him as executor; or upon his written promise to pay such debt, he having assets of the estate in his hands at the time of giving the promise. This is true, also, where he has given his note in renewal of one made by his testator.   In like manner, an administrator will be individually liable on a note given by him for personal property purchased for the benefit of the estate.   But a note given by an administrator, and expressed to be 'for value received by A. (the intestate) and his heirs,' has been held to be void for want of consideration.   The mere addition of 'ad ministrator' to an acceptor's signature does not qualify his liability or render the acceptance of a bill conditional.   But in general, an executor, like an agent, must expressly limit his promise to payment out of the estate represented in order

to avoid individual liability on it.    And merely adding the word 'administrator' will not amount to such a restriction, as we have seen; especially where the estate administered is not particularly designated.''    (1 Randolph on Commercial Paper, § 439.)    See, also, numerous cases cited in these textbooks, which we will not review.

It is not pretended that these notes were given for the expenses of administration.    This court said, in *Dodson* v. *Nevitt*, 5 Mont. 518: ''Claims *against the estate* are those in existence at the date of the death of the deceased.    Other claims against an estate are those incurred by the administrator or executor in settling the estate, and are properly denominated 'expenses of administration.' ''    The rule seems to be as laid down by the above-quoted writers.

It is said in *Dunne* v. *Deery*, 40 Iowa, 251, a case relied upon by the appellants, as follows:    ''The rule is very well settled that an administrator or executor cannot bind the assets of the deceased by his promissory note.    If he executes a note, and adds to his signature, 'as executor for' the deceased, he will nevertheless by personally liable.    (*King* v. *Thom*, 1 Tenn. R. 489; *Aspinwall* v. *Wake*, 10 Bing. 55; *Davis* v. *French*, 20 Me. 21; *Walker* v. *Patterson*, 36 Me. 273.)    But while the administrator will be personally and alone bound upon the note, yet if that for which it was given was legally a claim against the estate, the giving and accepting the note will not, without more, discharge the estate.''

Counsel, in argument, cite this Iowa case, as showing that the case at bar is an exception to the general rule, but it does not appear in the case before us that that for which the note was given was already legally a claim against the estate.

We take the following from another case relied upon by the appellants:    *McLaughlin* v. *Winner* (Wis.) 23 N. W. 402. ''It is a general rule that, upon all contracts made by an executor or administrator, in the discharge of his duties as such, he is liable personally; and his liability does not depend upon the fact that he has assets in his hands sufficient to discharge the debts so incurred; and the judgment, if any be recovered,

is to be satisfied out of his estate, and not out of the estate of the deceased. There are undoubtedly exceptions to the general rule, but they depend upon equitable considerations, which clearly show that the estate in the hands of the executor or administrator ought to be charged with the payment of the claim, rather than the property of the executor or administrator,"—citing many cases.

The case at bar, in our opinion, is not an exception to the rule that the administrators are personally liable. It does not appear that the notes given by them were simply an acknowledgment of a former debt existing against the estate and created by the deceased. It does not appear that the money received by the estate upon the notes given was used for the purposes of administration or funeral expenses, if such facts would be important if they existed. It does not appear that the money so obtained was upon any order or permission of a court having power to make such order or give such permission. It does not appear that the money was used in the actual preservation of the estate, as discussed in *Dunne* v. *Deery*, *supra*. We are, therefore, of opinion that this judgment must be affirmed, and it is so ordered.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.