RICKEL, CROCKER & CHRISTY v. THE CHICAGO, ROCK ISLAND PACIFIC RAILWAY COMPANY, Appellant, AND O. D. GOODRICH, Administrator of the Estate of L. H. GOODRICH, Deceased.

**Compensation of Attorney:** CONTRACT WITH ADMINISTRATOR: *Estate not chargeable.* Where the administrator of one killed on a railroad entered into a contract with plaintiffs, a firm of attorneys, under which they were to bring suit against defendants, and receive one-half the sum recovered as their compensation, such contract was not binding on the estate, since the compensation of an administrator's attorneys is a matter for the final deter-

mination of the court, and, hence, it was error to direct a verdict for plaintiffs, in an action on such contract.

CONTRACT NOT CHAMPERTOUS. A contract by an administrator with plaintiffs, a firm of attorneys, by which they were to bring suit against defendant for the death of intestate, and receive a contingent fee of one-half the amount recovered, was not champertous.

CONTRACT FOR COMPENSATION CONSTRUED. Where defendant employed plaintiffs to bring suit for the death of defendant's intestate, agreeing to pay them one-half the amount recovered, "either by suit or settlement," not less than half of amount received through settlement and more than such half if the services rendered are worth more, and, after recovering a judgment for $3,500, defendant settled with the company for $1,750, it was error, in action on the contract, to instruct that plaintiffs were entitled to $1,750. Nothing appearing to show that their services were reasonably worth more than half the sum gotten in settlement.

Notice of Appeal: SIGNATURE TO. A notice of appeal signed by counsel, with the words, "Attorneys for the C., R. I. & P. Ry. Co.," was not objectionable, for using the initials of the company, where the full name was expressed in the title of the case and in the body of the notice.

TIME FOR FILING ABSTRACT. Code, section 4120, provides that, if an abstract of the record is not filed by appellant thirty days before the second term after appeal taken, the appellee may have the cause docketed and the appeal dismissed. Held, that where notice of appeal was served December 24, 1898, for the May term, 1899, of the supreme court, an abstract of record filed May 15, 1899, was in time.

*Appeal from Cedar District Court.*—HON. II. M. REMLEY, Judge.

FRIDAY, OCTOBER 12, 1900.

THE following contract was entered into by the plaintiff and O. D. Goodrich, as administrator of the estate of L. II. Goodrich: "It is hereby agreed that thirty days after date Rickel, Crocker & Christie shall take my claim against the Chicago, Rock Island & Pacific Railway Company, for the killing of my son, L. H. Goodrich,

at Grinnell, for collection against said railway company, by suit or otherwise, as they may deem advisable, and they shall receive, for their services as my attorneys in and about the collection of the same, one-half the sum recovered upon said claim, either by suit or settlement. In case no sum is recovered either by suit or settlement, no charges are to be made by them for their services. In case settlement is proposed, or if for any reason I should feel disposed to withdraw or dismiss any action instituted on said claim, I agree to consult said firm before settling, withdrawing or dismissing such claim or suit; and in case I should fail to secure their approval to such settlement, dismissal, or withdrawal, but should settle, withdraw, or dismiss said claim or suit without their approval or consent, I agree to pay said firm, for their services rendered up to that time, a reasonable compensation therefor, which in no event shall be less than one-half the consideration received by me, either in money or other valuable consideration, for such settlement, withdrawal or dismissal; such compensation of said firm, however, not to be limited to one-half the consideration received by me in such event, in case a reasonable compensation for their said services shall exceed such amount. Said attorneys have no power to settle or compromise this case without suit or consent of the administrator." Suit was brought against the railway company, and prosecuted to a judgment of $3,-500 for the plaintiff. An appeal was perfected to this court pending which the case was settled by the administrator and the railway company, the company paying the estate $1,750, and, in a written agreement, bound itself to "pay the reasonable attorney's fees of Rickel, Crocker & Christie for services rendered by them in connection with the institution of said action and the prosecution of the same"; and, furter, to "hold said Goodrich, administrator, harmless from any liability to said firm of Rickel, Crocker & Christie on account of any claim they may have against him as administrator for services rendered in the prosecution of said ac-

tion." This settlement and contract were authorized and approved by the district court. After the judgment was obtained, the plaintiffs herein entered, in writing upon the judgment docket, "* * * a notice of an attorney's lien of $1,800 for services rendered and to be rendered in said cause by plaintiffs, and for disbursements." The present action was brought against the railway company and the administrator, claiming the sum of $1,800 under the terms of the plaintiffs' contract with the administrator, and by virtue of an attorney's lien on the judgment for the reasonable value of services rendered. There was a directed verdict for the plaintiffs, and judgment thereon against the railway company. The action was dismissed as to the administrator. The defendant railway company appeals.—*Reversed.*

*Carroll Wright* for appellant.

*Rickel & Crocker* for appellees.

Sherwin, J.—The notice of appeal served herein was entitled "Rickel, Crocker & Christie, Plaintiffs, v. Chicago, Rock Island & Pacific Railway Company, and O. D. Goodrich, Administrator of the Estate of L. H. Goodrich, Deceased, Defendants." It was properly directed, and stated: "You are hereby notified that the Chicago, Rock Island & Pacific Railway Company have appealed from the judgment rendered in the above entitled action." It also named the venue and date of the judgment. It was signed, "Carroll Wright, E. E. Cook, T. B. Hanley, Attorneys for the C., R. I. & P. Ry. Co.," and service thereof was accepted by the plaintiffs. The claim that there is no notice of appeal because of the use of the initials above given, cannot be sustained. The title of the cause and the statement in the body of the notice that the defendant railway company appealed, indicate so clearly that the letters following the names of the attorneys are the initial letters

of the company's name, and are intended to mean and do mean, the "Chicago, Rock Island & Pacific Railway Company," the defendant in the case, that no citation of authorities is necessary to sustain the holding that the notice is sufficient.

The notice of appeal was served December 24, 1898, for the May, 1899, term of this court. The abstract was served and filed May 15, 1899. Plaintiffs, in a motion to dismiss and affirm, urge that the abstract was not filed as early as required by the statute. We have held otherwise in the recent case of *Hanson v. Hammell,* 107 Iowa, 171, and the motion is overruled.

The plaintiff's cause of action, as stated in their petition, is based solely upon the contract made with O. D. Goodrich as administrator, and upon the services rendered him as such. If this contract was an invalid one as to the estate, the plaintiffs cannot recover thereon. The contention of the appellant is that the administrator had no power or authority to enter into such a contract on behalf of the estate, and that he alone is bound thereby. That the weight of authority fully sustains this position must be conceded. It is the general holding that an estate cannot be bound by the contract of an executor or administrator, and that no action at law can be maintained against him thereon in his representative capacity. Schouler, Domestic Relations, sections 256, 397; *Austin v. Munro,* 47 N. Y. 360; *Barry v. Lambert,* 98 N. Y. 308; *Taylor v. Mygalt,* 26 Conn. 184; *Adams v. Adams,* 16 Vt. 228; *Rich v. Sowles,* 64 Vt. 408 (23 Atl. Rep. 723, 15 L. R. A. 850); *Vanderveer v. Ware,* 65 Ala. 606; *Davis v. French,* 20 Me. 21; *Succession of Mansion,* 34 La. Ann. 1246; *Ness v. Wood,* 42 Minn. 427 (44 N. W Rep. 313); *Perry v. Cunningham,* 40 Ark. 185; *Higgins v. Driggs,* 21 Fla. 103; *McFarlin v. Stinson,* 56 Ga. 396; *Winter v. Hite,* 3 Iowa, 142; *Dunne v. Deery,* 40 Iowa, 251; *Johnson v. Leman,* 131 Ill. 609 (23 N. E. Rep. 435, 19 Am. St. Rep 63,

note).    While it is entirely proper to employ attorneys to counsel and assist in the settlement of an estate, "the duty of compensating them rests primarily on the executor or administrator." *Clopton v. Gholson,* 53 Miss. 466; *Wait v. Holt,* 58 N. H. 467; *Thomas v. Moore,* 52 Ohio St. 200 (39 N. E. Rep. 803).    Nor does the fact that the services are beneficial to the estate change the rule.    *Tucker v. Grace,* 61 Ark. 410 (33 S. W. Rep. 430).    The compensation of an attorney cannot, therefore, be fixed as against the estate by an express contract with the administrator.    Consequently the contract in this case, which provides for a contingent fee, cannot be enforced against the estate.    In re *Paige's Estate,* 57 Cal. 241; and see, also, *Danielwirtz v. Sheppard,* 62 Cal. 339; *Teal v. Terrell,* 48 Tex. 509; *Platt v. Platt,* 105 N. Y. 488 (12 N. E. Rep. 22).    It is manifest that, if the contract cannot be enforced against the estate, no lien which the law would give arising from it would be of any validity, because the administrator cannot by any act of his create a lien against the estate.    Nor could the administrator subsequently ratify the contract so as to bind the estate. The final determination of the amount which he shall be allowed as compensation for the services of his attorneys is a matter entirely for the court.    It follows from what has been said that the court erred in directing the jury that the contract between the plaintiffs and the administrator was a valid one, and that the value of the plaintiff's services must be determined by the amount therein fixed.

The court further erred in instructing that there was due plaintiffs, by the terms of the contract, the sum of $1,750.    The contract provides that the plaintiffs are to receive one-half of the sum recovered, "either by suit or settlement," unless it shall be made to appear that their services were reasonably worth more.    Under this contract, recovery was limited to one-half the amount actually received, in the absence of evidence as to value.    The instructions were in direct conflict with the holding in *Win-*

*slow v. Railway Co.,* 71 Iowa, 197, and in *Parsons v. Hawley,* 92 Iowa, 175.

6 We think the contract was not champertous.

For the reasons heretofore stated, the case is REVERSED.

GRANGER, C. J., not sitting.