In the Matter of the Estate of TRAVERS D. MUNGER et al.

**EXECUTORS AND ADMINISTRATORS: Authority to Bind**
1 **Estate—Contract for Attorney Fees—Ex Parte Order.** The authority of an administrator with respect to the estate is defined by statute. He can have no other.

PRINCIPLE APPLIED: An administrator contracted with an attorney for the collection of damages for wrongful death of deceased, agreeing to pay a certain compensation therefor. The court made an *ex parte* order approving the contract. Collection was made and the attorney was paid according to the contract. *Held,* neither the contract nor the *ex parte* order of approval was of any validity against the estate.

**EXECUTORS AND ADMINISTRATORS: Extraordinary Expenses**
2 **—Allowance—Burden of Proof.** Burden of proof rests on the administrator to show that the ''allowances'' to which he is entitled for extraordinary expenses, under Sec. 3415, Code, are (1) just, (2) reasonable, (3) actual, and (4) necessary and such as pertain specifically to the protection of the estate.

PRINCIPLE APPLIED: Allowances asked for attorney fees, ''for consultation with administrator on the death of her husband in relation to estate matters,'' are properly rejected as indefinite.

**EXECUTORS AND ADMINISTRATORS: Extraordinary Expenses**
3 **—Amount Allowed.** In making an allowance to an administrator for extraordinary expenses, the court will wholly ignore the amount which the administrator has paid or agreed to pay for the services, the reasonable value of the services being the sole standard.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

FRIDAY, JANUARY 15, 1915.

THE administratrix of the estate of Travers D. Munger asked to be allowed certain attorney fees she had paid and that she be permitted to pay others and be directed to distribute the remaining funds of the estate. The guardian of deceased's minor children objected. On hearing, she was allowed the fees she had paid, denied permission to pay others, and ordered to distribute as prayed. Both guardian and administratrix appeal.—*Modified* and *Affirmed*.

*H. L. Bump,* for appellant.

*Strock & Wallace,* for appellee.

LADD, J.—Travers D. Munger was killed in a collision on the Chicago, Rock Island and Pacific Railroad, September 10, 1912, leaving him surviving a widow, Ada K. Munger, the administratrix, and two minor children, by a former wife, Mary Munger, from whom he was divorced, August 23, 1912, the day of his second marriage, and who is guardian of the children. The administratrix entered into a contract with W. C. Strock "to take charge of the collection of the claim of first party against the Chicago, Rock Island & Pacific Railway Company or others, arising out of the injury and death of the decedent, Travers D. Munger, said second party to have the exclusive charge of the settlement of litigating of said claim.

"In consideration of the services rendered and to be rendered herein, the first party agrees to pay to the second party a sum equal to one-third (⅓) of the amount collected, in the event such collection is without suit commenced, and, in the event of suit commenced, a sum equal to one-half (½) of the amount collected.

"It is agreed by and between the parties hereto that all the necessary costs incident to the preparation and trial shall be first paid from the amount realized on said claim.

"Second party agrees for the above consideration to take charge of said claim and conduct same to determination in the Courts, if necessary."

This was duly signed by the parties and an *ex parte* order entered by the court being signed by a judge, directing the attorney to proceed to collect the damages by suit or otherwise according to the contract and approving the same. Suit was begun December 23, 1912, and on June 7, 1913, was settled by the payment of $199.65 funeral expenses, including the undertaker's charge, and $1,875.35 as damages. Of this. the administratrix claims to have paid the attorney $937.68. and she prayed that such payment be approved and that she be directed to pay $57.50 for services of such attorney rendered in connection with the administration of the estate. The guardian resisted by asserting that the order of the court approving the contract, being *ex parte,* was not binding on the estate or those entitled thereto, that the amount agreed upon and alleged to have been paid was excessive, unreasonable and unconscionable, and objection was made to payment for services incident to the administration because of no showing of services having been rendered and for that such services were not in behalf of the administratrix as such. A demurrer on the ground that the facts alleged in the resistance were not sufficient to obviate the contract as approved by the court was overruled and, the cause coming on for trial, the administratrix waived offering any evidence in support of her application. The guardian adduced the evidence of three witnesses and the administratrix called three in rebuttal. The decree denied payment of $57.50 because of the services not being rendered for the administratrix as such and "ordered that as to the Contract of Employment by the Administratrix of W. C. Strock to prosecute the claim of the Estate against the Chicago, Rock Island & Pacific Railway, and the Order authorizing and approving the same, which was entered on the 19th day of October, 1912; remain as it is entered, and not

be disturbed or modified.   And Administratrix is allowed credits for fee paid to said W. C. Strock paid thereunder to wit:   Nine Hundred Thirty-Seven and 50-100 Dollars ($937.50)."

I. In her resistance, the guardian asked that the order approving the contract "be set aside and cancelled and held for naught."   Appellee seems to think this was essential to the consideration of the issue as to the reasonableness of the expenses incurred for services of counsel, and the language of the decree indicates that such may have been the view of the district court.   The vice of such an order is that, without being effective other than as advisory to the administratrix individually, it may and often does serve the purpose of deceiving those entitled to an estate into believing that the compensation thereby approved has been adjudicated against them.   The administratrix's contract employing Strock as attorney to prosecute the action, even though approved *ex parte* by the judge or court, was of no validity as against those entitled to the estate.

1. EXECUTORS AND ADMINISTRATORS: authority to bind estate: contract for attorney fees: *ex parte* order.

The powers, duties and obligations of the executor or administrator with respect to the estate are defined and limited by the will or statute.   He has no implied powers beyond those necessary to effectuate the powers expressly conferred.   In the absence of testamentary provisions to the contrary, he is entitled to the possession of all personal property of the estate in trust for the purpose of settling all contracts, claims and obligations of decedent.   Without interest in the assets, he is without power of imposing a charge on them by any new and independent contract, unless expressly authorized by statute or will, even though it be for the benefit of the estate. *Hayes v. Shirk,* 78 N. E. 653; *May v. May,* 7 Fla. 207, 68 Am. D. 431; *Pike v. Thomas,* 62 Ark. 223, 54 Am. St. 292; *Sumner v. Williams,* 8 Mass. 162, 5 Am. D. 83; *Davis v. French,* 20 Me. 21, 37 Am. D. 36; *Smith v. Brennan,* 62 Mich. 349, 4 Am. St. 867; *Fletcher v. American Trust and Banking Co.,* 111

Ga. 300, 78 Am. St. 164, 201, and notes in which cases are collected. And such is the rule with respect to the employment of an attorney in this state. *Clark v. Sayre,* 122 Iowa 591.

Of course, the executor or administrator may at his discretion contract with reference to necessary matters relating to the estate, but he does so on his personal responsibility, even though he may be entitled to be reimbursed out of the funds of the estate. Being without power as administrator to enter into a new or independent contract in behalf of the estate, such a contract, though possibly obligatory on her individually, was a mere nullity as against the estate and the order of court was ineffectual to vitalize it. Such was our conclusion in *Rickel v. C. R. I. & P. Ry. Co.,* 112 Iowa 148. The order should have been disregarded and the contract accorded consideration only as showing the employment of counsel by the administratrix individually, and this on terms that compensation should be contingent on recovery.

II. Section 3415 of the Code specifies precisely the compensation an executor or administrator shall receive "for all the ordinary services" rendered by them. In addition thereto,

2. EXECUTORS AND ADMINISTRATORS : extraordinary expenses : allowance : burden of proof.

"such further allowances as are just and reasonable may be made by the court for actual, necessary and extraordinary expenses or services." When allowances of this character are claimed, these should be specifically stated to the end that the court may know the services for which compensation is sought. In re *Carmody's Estate,* 163 Iowa 463. The bare fact that the executor or administrator has expended money for legal services for which he requests reimbursement alone does not entitle him thereto. Nor is it enough that he may have acted in good faith in the employment of counsel. The expense incurred must appear to have been "reasonable and just." There is no presumption that they are such and as the executor or administrator is likely

to be more familiar therewith than those taking exception thereto, the burden of proof is upon him, whenever the right to such allowances is put in issue by objections interposed, to show that the expenses incurred, as in employing counsel, were necessary for the protection of the estate and also were reasonable and just. *St. John v: McKee,* 2 Dem. Sur. (N. Y.) 236; *Munden v. Bailey,* 70 Ala. 63, 70. Only reasonable compensation for the services rendered will be allowed in accounting with the administrator or executor, regardless of what he may have paid. In re *Estate of Moore,* 72 Cal. 335; *Fairburn v. Fisher,* 5 Jones Eq. (58 N. C.) 385; *Porche v. Creditors of the Succession of Banks,* 8 La. Ann. 65; *Succession of Macarty,* 3 La. Ann. 517; *Thomas v. Moore,* 52 Oh. St. 200; *Filbeck v. Davies,* 8 Col. (Appeals) 320.

III. The items making up the claim for $57.50 were specifically stated, but many of them on their face did not appear to involve matters necessarily of concern to the estate and none were self-explanatory. To illustrate, the first was for "consultation with Mrs. Ada Munger on the death of her husband and in relation to estate matters." She had not been appointed administratrix and for all that appears, the consultation may have pertained to her individual interests only. The next item relates to consultation with her and a Mr. Sinon, but about what? Therein is included the preparation of petition for letters of administration and a talk with counsel for the former administrator.

These and other items may have been sufficiently specific to meet the requirements of good bookkeeping, but did not of themselves indicate either their necessity to the estate or the reasonableness or justness of the charges. The burden was on the administratrix to so prove, and having failed to adduce any evidence thereon, the district court did not err in rejecting these items.

IV. The necessity of employing counsel to prosecute the claim for damages consequent on the wrongful death of dece-

dent was conceded, the only issue being reasonableness of the compensation to be allowed counsel. The record disclosed that an action was begun, issues joined and a settlement effected as previously stated. On hearing, the administratrix "waived offering any evidence in support of the application." The guardian objecting might very well have rested here, but she did not. She introduced the testimony of three attorneys, reciting to each the naked facts mentioned above, together with the terms of settlement, and that compensation was to be contingent on recovery in some amount, and eliciting the estimate of each as to reasonable value of the services rendered. The administratrix objected on the ground that the recital did not include the terms of the contract, the fact of its approval by the court and the latter had not been set aside. Of course, these matters were immaterial, but the first witness was permitted to take them into consideration. His answer, however, was without reference thereto, as was that of each of the others, and each testified that reasonable compensation would be one-third of the amount recovered. The administratrix then called three witnesses in rebuttal, each of whom testified that the contract entered into was the usual contingent fee contract and two of them that it was fair and reasonable. On cross-examination, one of the witnesses, by including facts not appearing of record, thought one-half of the recovery reasonable. Such is the record, and we are of opinion that it discloses no controversy, but that one-third of the recovery would be reasonable compensation for the services actually rendered in the circumstances disclosed. It may be that such a contract is usual, but the matter for the court to determine was the reasonable value of the services actually rendered in behalf of the estate in view of the circumstance that compensation was contingent on success, regardless of other conditions of the agreement between counsel and client. The administratrix made no showing of what services were rendered save the bare recital

3. EXECUTORS AND ADMINISTRATORS: extraordinary expenses: amount allowed.

above or as to the reasonable value thereof except as stated, and we necessarily must rely on the proof thereon adduced by the objecting guardian. It follows that the court erred in allowing to the administratrix for services of counsel more than one-third of the amount recovered from the railroad company. With this modification, the order of the court will be affirmed.—*Modified* and *Affirmed*.

All the justices concur.