STATE EX REL. EISENHAUER, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,103.)

(Submitted October 17, 1917. Decided October 30, 1917.)

[168 Pac. 522.]

*Certiorari—Executors and Administrators—Attorney's Fees— Probate Courts—Jurisdiction.*

Probate Courts—Extent of Jurisdiction.
  1.   A district court sitting in probate has only such jurisdiction as is specially conferred or necessarily implied.
Courts—Jurisdiction—Power to Enforce.
  2.   Whenever jurisdiction is conferred upon a court, all the means necessary to carry the same into effect are expressly provided by Revised Codes, section 6329, and if a court has power to make an order it has jurisdiction to enforce it.
    [As to relief in equity from orders and decrees of the probate court, see note in 106 Am. St. Rep. 639.]
Executors and Administrators—Liability for Attorney's Fees.
  3.   The employment and payment of counsel by an executor are matters of personal and private contract between the two; hence the former has no claim against the estate for his compensation, and if the latter does not voluntarily pay for the services, the attorney must seek redress in an ordinary action at law against him.
Same—Allowance of Attorney's Fees—Jurisdiction.
  4.   An executor may reimburse himself from the funds of the estate in his charge, for money necessarily expended by him for legal services, by presenting his claim therefor for allowance; but until the attorney's fee has been actually paid, there can be no claim presented for approval, and the court is without jurisdiction to allow any amount for such expenses.
Same—Jurisdiction—Consent cannot Confer.
  5.   Where the probate court is without jurisdiction to allow an expenditure of the nature of that above referred to, consent by the executor cannot confer it.

On liability of estate to attorney employed by executor or administrator, see note in 25 L. R. A. (n. s.) 72.

Application for writ of *certiorari* by the State, on the relation of Nellie Eisenhauer, as executrix of the estate of John B. Sattes, deceased, against the Second Judicial District Court in and for Silver Bow County and John V. Dwyer, a Judge thereof, to set aside an order allowing attorney's fees.   Order vacated.

*Messrs. Canning & Geagan,* for Relator.

*Messrs. Walsh, Nolan & Scallon,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

During the course of the administration of the estate of John B. Sattes, deceased, on March 20, 1917, a petition was presented to the district court, signed by the executrix and Fred Sattes, the two principal beneficiaries under the will, praying that an order be made fixing and allowing the attorney fee to be paid out of the funds of the estate by the executrix to James T. Fitzgerald for professional services rendered and to be rendered by the attorney to the executrix in advance of any payment made by the executrix to the attorney, which amount so fixed and allowed should thereafter be included in the final account and presented for settlement and allowance.   On March 28 notice of the discharge of the attorney was filed, and on March 30 a motion was presented to dismiss the petition for the allowance of attorney's fees and to set aside the inventory and appraisement theretofore returned.   The motion was supported by the affidavits of the executrix and Fred Sattes, which disclosed the reason assigned by them for their proceedings.   The petition and motion were heard together, resulting in an order denying the motion and granting the prayer of the petition.   The order, so far as material here, follows: "It is therefore ordered, adjudged, and decreed, and this does order, adjudge, and decree, that the sum of two thousand five hundred ($2,500.00) dollars be, and the same hereby is, allowed by the court to said Nellie Eisenhauer, executrix as aforesaid, for the said attorney and counsel, James T. Fitzgerald, as and for compensation for the

services herein rendered and performed by him for said executrix and estate, as an expense in the care, management, and administration of said estate by said executrix, and as special administratrix thereof.'' The purpose of this proceeding is to have the order annulled, and the single question presented is: Did the court in making the order act without, or in excess of, jurisdiction?

A district court sitting in probate has only such jurisdiction [1] as is specially conferred or necessarily implied. (*Bullerdick* v. *Hermsmeyer*, 32 Mont. 541, 81 Pac. 334.) The order in question is either an adjudication upon a matter properly before the court, or it is merely an extrajudicial opinion by the judge presiding. If it belongs to the first class, it is enforceable by the court, and the executrix can be compelled to pay the entire account out of the funds belonging to the estate, whether she is willing to do so or not. If she cannot be compelled to make such payment, it is only because the court was without authority to make the order. It would be a contradiction of terms to say that a court has jurisdiction to make a particular order but no [2] jurisdiction to enforce it. Whenever jurisdiction is conferred, all the means necessary to carry the same into effect are provided. (Rev. Codes, sec. 6329.)

It is settled beyond further controversy in this jurisdiction that the employment and payment of counsel by the executrix [3] are matters of purely personal and private contract between the executrix and the attorney; that the attorney has no claim against the estate for his compensation, and, if the executrix does not voluntarily pay for such services, the attorney must seek redress in an ordinary action at law. (*State ex rel. Kelly* v. *District Court*, 25 Mont. 33, 63 Pac. 717; *First Nat. Bank* v. *Collins*, 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499; *State ex rel. Cohen* v. *District Court*, 53 Mont. 210, 162 Pac. 1053.) With the contract between the executrix and the attorney the probate court has no concern. It cannot construe or enforce it, and the interests of the estate cannot be jeopardized, whatever its terms may be. The attorney must look to the executrix

alone for his compensation, and his contract of employment can be enforced only in the manner that other private contracts of like character are enforceable. The only liability for the attorney's compensation is the personal liability of the executrix. [4] For money actually expended for legal services, the executrix may have a valid claim against the estate. This claim she may present as for an item of expense incurred in the due course of administration, and if the services were necessary, and the amount paid is reasonable, and if the claim is allowed and approved by the court, and no appeal is taken from the order allowing it, the executrix may reimburse herself from the funds of the estate; but, until the attorney fee has been actually paid by the executrix, she cannot have any claim against the estate therefor, and consequently the court cannot have before it anything upon which to act in determining the reasonableness or necessity of the claim. Our statute practically determines this. Section 7631, Revised Codes, provides that the executrix "shall be allowed all necessary expenses in the care, management and settlement of the estate, including reasonable fees *paid* to attorneys for conducting the necessary proceedings," *etc.* Our Codes also provide the method by which the executrix may secure the allowance of any such claim, and that method is exclusive. Article II (secs. 7634–7652) requires the executrix to render to the court accounts under oath showing the money received and expended (sec. 7634), with a voucher or receipt for every item of expense which exceeds $20 (secs. 7634 and 7644). When such an account is rendered, the court or judge must appoint a day for hearing, and the clerk must give the statutory notice (sec. 7645). Any person interested in the estate may file his exceptions and contest the allowance of the account in whole or in part (sec. 7647); but if the court settles and allows the account, such determination is conclusive (if no appeal is taken) against all persons, not under legal disability (sec. 7649).

In 1 Woerner's American Law of Administration, second edition, section 152, the principles to which we have adverted are stated as follows: "Upon the same principle, probate courts

have no jurisdiction to decree payment to persons employed by the executor or administrator to render services for him, or for the estate, in its administration. Although it may be the duty of the court, in passing upon the administration account, to determine the reasonableness of payments for such services, and allow or reject the credits taken therefor, it has not the power, unless expressly granted by statute, to adjudicate upon the claims of such persons against the administrator; their remedy, if he refuse to pay, is in another court. Thus, while the court may make an allowance to an administrator who performs services for the estate, as an attorney at law, not within the scope of his duties as an administrator, in states where the statute provides for extra compensation aside from the regular commissions. or allow him credit for counsel fees properly paid, it has no jurisdiction to order the payment of counsel fees by the administrator.''

Counsel for respondents refer to decisions by the supreme court of California which hold that the court may fix the amount of the attorney fee to be paid out of the assets of the estate, in advance of payment and in the absence of any report by the representative, but these decisions are apparently justified only by the usual and ordinary course of practice adopted and pursued in that state. Concerning the California doctrine, Woerner says: "But it appears from the cases above cited that the contrary is well established as the general rule." (Sec. 356.)

It appears from the record before us that notice of the hearing upon the petition was not given as required by statute; but, waiving this aside for the purpose of this proceeding, we prefer to ground our decision upon the fundamental principle that the executrix is the only one who can have any claim against the estate for attorney's fees, and that the executrix cannot have such a claim until the fees have been paid. Until they have been paid and properly reported to the court, the court has no jurisdiction to adjudicate upon the necessity of the services or the [5] reasonableness of the amount of the claim, and consent by the executrix cannot confer jurisdiction. The order in question

amounts to nothing more than an extrajudicial opinion by the judge of the lower court, and is not binding upon or enforceable against the executrix or the estate.

The order is vacated and set aside.

*Order vacated.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.