### RILEY v. SCHAWACKER.

PROMISSORY NOTE.—*Parties.*—In a suit against the maker of a promissory note payable at a bank in this State, it is not necessary to make persons, who have held it before maturity as owners, for value, by delivery, parties to the suit.

SAME.—*Right of Holder in Bad Faith to Recover, if He Purchased of One Who Held in Good Faith.*—In a suit by the holder of a negotiable promissory note against the maker, where the note had been delivered by the payee, for value and before maturity, to a third person who delivered it to the plaintiff before maturity for value, where the evidence tended to show that the note was obtained by fraud, and that the plaintiff ought to have suspected its fraudulent character when he purchased it, but where there was no evidence tending to impeach the good faith of the person from whom the plaintiff acquired it, the plaintiff was entitled to recover.

SAME.—The holder for value of a negotiable promissory note, acquired before maturity, may recover on the note, though he was fully informed that it was obtained from the maker by fraud, if he obtained it from a previous holder who took the note in the usual course of business, in good faith, and for value, and in such case the burden of showing that the previous holder acquired it in bad faith is upon the maker.

From the Clay Common Pleas.

*Rose & Stephenson, H. Teter,* and *G. D. Teter,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellee.

DOWNEY, J.—Suit by the appellant, as holder, against the appellee, as maker, of the following promissory note:

"$250.  OCTOBER 1st, 1868.

"On or before the 1st day of April, 1869, for value received, I, the subscriber, of Harrison Tp., county of Clay, State of Indiana, promise to pay Alfred Ingalls, or bearer, two hundred and fifty dollars, at First National Bank of Lafayette, Indiana, with interest. It being for the profits on ten seeders.

"JACOB SCHAWACKER."

Riley *v.* Schawacker.

There was a second paragraph of the complaint, which was on an account, but it need not be further noticed.

The paragraph on the note alleges its delivery by the payee, for value, to one Jones, and that Jones, for value, delivered the same to the plaintiff before its maturity. Ingalls and Jones were made defendants to the suit, but this was wholly unnecessary, as the ownership of the note passed by delivery, and the holder could sue in his own name, the note being made payable in bank.

The defendant pleaded to the paragraphs of the complaint:

1. A general denial.

2. Payment.

3. To the first paragraph of the complaint a verified denial of the execution of the note.

4. To the same paragraph of the complaint want of consideration known to the plaintiff when he purchased the note.

5 and 6. Failure of consideration in different forms.

7. That plaintiff was not the owner of the note, but was only collecting the same for Jones.

8. That plaintiff was not the owner of the note, but was collecting it for Ingalls.

9. That plaintiff was not the owner of the note, but was collecting the same for Ingalls and Jones.

Separate demurrers to the third, fourth, fifth, sixth, seventh, eighth, and ninth paragraphs of the answer were filed, which were sustained as to the fifth, sixth, seventh, eighth, and ninth, overruled as to the fourth, and not disposed of at all as to the third.

Reply: 1. General denial.

2 and 3. To fourth paragraph, a consideration for the note, setting it out.

Trial by jury, verdict for plaintiff for the amount of the account only, motion by plaintiff for new trial overruled, and final judgment.

The overruling of the motion for a new trial is assigned as error.

Among the reasons for a new trial, it was alleged that the evidence was insufficient to justify the verdict of the jury, and that the court had erred in giving certain instructions and refusing to give certain others.

We think the evidence did not justify the verdict of the jury in disallowing the note. It is proved that the defendant executed the note. There is some evidence tending, though not strongly, to show that the signature of the defendant to the note was obtained by fraud; and so there was evidence tending slightly to show that the plaintiff ought to have suspected the fraudulent character of the note at the time he purchased it of Jones. There was no evidence, however, tending in the slightest degree to impeach the good faith of Jones' title to the note.

Had the plaintiff been fully informed that the note had been obtained from the defendant by fraud, yet, unless the title of Jones, from whom he purchased it, was impeached, he can recover. *Hereth* v. *Davis*, 34 Ind. 380. The note needed no indorsement to make it negotiable. It passed by delivery merely. Chitty Bills & Notes, 227. The presumption is, in the absence of any evidence to the contrary, that Jones had taken the note in the usual course of business, and for value. Edwards Bills & Notes, 312; *Nelson* v. *Cowing*, 6 Hill N. Y. 336. He took the note before maturity.

The instructions of the court presented the case to the jury upon the theory that if the plaintiff had notice of the fraud, he could not recover, without any reference to the circumstances under which Jones acquired and held it. For these reasons, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded with instructions to grant a new trial.