Shaffer *v.* Ryan.

No. 9367.

## SHAFFER *v.* RYAN.

PRACTICE.—*Motion for Judgment on Answers to Interrogatories.*—*Evidence.*—No reference to the evidence can be made in considering a motion for judgment on the answers to interrogatories, notwithstanding the verdict.

PROMISE.—*Consideration.*—*Settlement of Wife's Lawsuit.*—*Statute of Frauds.*—*Debt of Another.*—*Parol Promise.*—A settlement of suits involving the title to lands claimed by the wife, affords a good consideration for the husband's promise to pay a stated sum to the adverse party. Such promise is an original one, and not one to pay the debt of his wife, and need not be in writing.

SAME.—The consideration of a promise need not be a benefit to the promisor; but may consist in a benefit to a third person, or a detriment to the promisee.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellant.

*W. S. Marshall,* for appellee.

WOODS, J.—The appellee sued the appellant in a complaint of three paragraphs, the first and second predicated upon promissory notes, and the third upon an alleged indebtedness of the appellant to the appellee for a sum agreed to be paid in consideration of the settlement of certain actions pending between the appellant and wife and the appellee. The jury returned a general verdict for the plaintiff, and answers to special interrogatories to the effect that the appellant did not make the notes sued on, but was indebted to the appellee in the sum charged in the third paragraph of the complaint.

The appellant moved for judgment in his favor, notwithstanding the general verdict, and insists that the motion ought to have been sustained because the finding in respect to the alleged indebtedness is not sustained by the evidence.

The ruling of the court was right. In considering a motion for judgment upon the answers to interrogatories, notwithstanding the verdict, no enquiry can be made into the evidence. *Stevens* v. *City of Logansport,* 76 Ind. 498.

It is further insisted that the court erred in giving and in refusing instructions, and that the verdict is contrary to the law and the evidence. One question only is thus presented for decision.

There is evidence in the record which distinctly shows that, in consideration of the adjustment and disposition of certain actions involving the title to lands claimed by the appellant's wife, the appellant promised to pay to the appellee the sum sued for. It is claimed, however, that the promise, if made, is not binding because not in writing; that it is a promise of the appellant to answer for the debt of another—his wife— and, therefore, within the statute of frauds. The position is not tenable. The complaint does not charge, and there is no evidence to show, any debt or liability of the wife to which the appellant's promise was collateral. His promise is a sole and independent one; and, as it rests upon a sufficient consideration, it is binding on him, though the benefit moved entirely in favor of his wife. It is a familiar doctrine that the consideration of a promise need not be a benefit to the promisor, but may consist of a benefit to a third person, or of a detriment to the promisee.

Judgment affirmed.