CHARLES E. WHITE, in equity,

*vs.*

WESTON THOMPSON, administrator.

Penobscot.   Opinion March 1, 1887.

*R. S., c. 87, § 19.   Executors and administrators.   Promissory notes.*

The design of the statute (R. S., c. 87, § 19), which allows a creditor of the
estate of a deceased person to maintain a bill in equity to recover his debt,
was not to create the relation of creditor and debtor, where such relation
does not already exist, but to assist, in certain emergencies, those who are
creditors, but who failed to seasonably present or prosecute their claims
without culpable negligence on their part.

A person who, in the lifetime of one deceased, indorsed his note for his accom-
modation, and after his death indorsed his administrator's note given in
exchange for his note, and indorsed several renewals of the administrator's
note, and finally paid the last note in the series himself, does not thereby
become a creditor of the estate of the deceased, although the administrator's
note was in each instance worded as the note of the estate and not his own
note.   The administrator's notes bound him personally, but would not bind
the estate.

ON report.

Bill in equity, heard on bill, answer and proof.

*A. N. Williams,* for plaintiff.

It seems that a promise of an administrator to pay, or to
become responsible for, the debt of his decedent, to render him

personally liable thereon, must not only be in writing, but must also be founded on a sufficient consideration. Schouler's Ex'r and Adm'rs, 255; Wms. Exrs. 1776; *Davis* v. *French*, 20 Maine, 21; *Walker* v. *Patterson*, 36 Maine, 273. But in this case the administrator did not undertake to become responsible individually to plaintiff for his claim for reimbursement from the estate; and if he had he would not be holden, it being a bare promise without consideration. *Ten Eyck* v. *Vanderpoel*, 8 Johns. 120; *Davis* v. *French*, *supra*. That being so, all the other notes given in renewal to the First Nat. Bank were in the same category as between plaintiff and H. P. Thompson. *Nutter* v. *Stover*, 48 Maine, 163. But assuming that there was a sufficient consideration for H. P. Thompson signing the notes in renewal and that he was holden thereon to plaintiff, that would not extinguish plaintiff's claim against the estate. Schouler's Exrs. & Admrs. 441; *Davis* v. *French*, 20 Maine, 21.

*Weston Thompson*, for defendant.

The plaintiff's claim for reimbursement is against the former administrator, and not against this defendant in any capacity. *Davis* v. *French*, 20 Maine, 21; *Baker* v. *Moor*, 63 Maine, 443; *McEldery* v. *McKenzie*, 2 Porter, (Ala.) 33 (27 Am. Dec. 643); *Harding* v. *Evans*, 3 Porter, 221 (29 Am. Dec. 255); *Fitzhugh* v. *Fitzhugh*, 11 Gratt. 300 (62 Am. Dec. 653); *Luscomb* v. *Ballard*, 5 Gray, 403; *Kingman* v. *Soule*, 132 Mass. 288; *Merchant's Bank* v. *Weeks*, 53 Vt. 118; *May* v. *May*, 7 Fla. 207 (68 Am. Dec. 431); *Shepherd* v. *Young*, 8 Gray, 152; *Lucht* v. *Behrens*, 28 Ohio St. 231 (22 Am. R. 378); *Sumner* v. *Williams*, 8 Mass. 199; *Farhall* v. *Farhall*, L. R. 7 Ch. 123; *Dowse* v. *Cox*, 3 Bing. 20.

PETERS, C. J.   The complainant seeks to obtain, under R. S., c. 87, § 19, an allowance and payment of his claim against the estate of Charles W. Thompson, deceased.

Shortly before Thompson's death, the petitioner indorsed a note for him, upon which Thompson obtained money at a bank, Thompson, the maker, dying before the note matured. After his death, his administrator, H. W. Thompson, renewed the

note to the bank, signing it as maker in his capacity as administrator, and the petitioner renewed his indorsement, the new note being given for the old one. This note was in turn renewed once or twice in the same way, when the bank refused to continue the renewals longer. A new note was then made of the same tenor as before, upon which the money was procured elsewhere, the bank receiving payment of its note from the proceeds. This last note became due on March 7, 1884, and, the administrator failing to pay it, the complainant paid it in October afterwards. The first note in the series was made on April 5, 1880. In June, 1884, the administrator resigned, and the present administrator (*de bonis non*) was appointed in his place. In December, 1884, the estate was represented insolvent, and commissioners were appointed, before whom the complainant submitted his claim. But the claim was rejected as barred by the special limitation act of two years and six months. Not having any legal remedy, the complainant asks equity to lend its helping hand. We think equity cannot afford the necessary relief.

The design of the statute was not to create the relation of creditor and debtor where not already existing, but to assist, in certain emergencies, those who are already creditors, but who have failed to seasonably present or prosecute their claims without culpable negligence on their part.

Here the petitioner is not to be considered a creditor of the estate. He may be a creditor of its former administrator, whose note he indorsed. A note given by an administrator, although worded as the promise of the estate, binds the administrator only. The original note given by the intestate was long since paid. The note paid by the petitioner cannot be regarded other than a different and independent transaction.

What claim the former administrator may have against the estate, and whether now available or not, we cannot consider. *Kingman* v. *Soule*, 132 Mass. 285.

*Bill dismissed with costs.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.