## HAYES ET AL. *v.* SHIRK, EXECUTRIX.

[No. 20,802. Filed October 3, 1906. Rehearing denied December 21, 1906.]

1. ACTION. — *Contracts.* — *Decedents' Estates.* — *Executors and Administrators.*—An action to recover a personal judgment against an executor who executed, on behalf of his estate, a contract to pay certain street assessments made against his decedent's real estate, does not grow "out of any matter connected with a decedent's estate." p. 572.

2. ABATEMENT AND REVIVAL.—*Death of Party.*—*Substitution of Representatives.*—Where the circuit court has obtained jurisdiction over the parties to an action, the death of one of them does not defeat the court's jurisdiction, but the proper representative may be substituted for such decedent. p. 573.

3. APPEAL AND ERROR. — *Perfecting.* — *Time for.* — *Parties.*— *Death.*—*Substitution of Representatives.*—*Decedents' Estates.* —Where a defendant, in an action upon contract, dies after

Hayes *v.* Shirk—167 Ind. 569.

service, and his representative is substituted for him, an appeal taken from the judgment rendered is governed by the civil code, giving one year in which to perfect same, and not by the special provisions governing appeals growing out of matters connected with decedents' estates. p. 573.

4. APPEAL AND ERROR.—*Precipe.*—Where a precipe for a transcript calls for the entries on certain pages of the order book, one of which is the final judgment, such judgment is a proper part of the transcript on appeal, though not called for in terms. p. 574.

5. SAME. — *Transcript.* — *Precipe.* — *Presumptions.* — Where a precipe for a transcript calls for the entries on certain pages of the order book, and the clerk embodies the final judgment in said cause in the transcript, the presumption is that such judgment was entered upon some of such pages. p. 574.

6. SAME.—*Transcript.—Paragraphs of Complaint.—Erroneous Marginal Notes.*—Where the transcript correctly contained the questioned paragraphs of complaint, marginal notes on the transcript denominating them "amended" paragraphs do not affect the consideration thereof, such notes being no part of the record. p. 575.

7. SAME. — *Transcript.* — *Precipe.—Statutes.—Construction.*— The act of 1903 (Acts 1903, p. 338, §7, §641g Burns 1905), prescribing rules concerning civil procedure, will be liberally construed. p. 575.

8. SAME.—*Briefs.—Whether Questioned Complaint Should be Inserted in Full.*—Only those parts of a questioned complaint which fully present the precise point at issue should be set out in the briefs on appeal, the only purpose being to present the precise question to the judges who do not have the record. p. 575.

9. SAME.—*Briefs.—Statement of Complaint.*—Where the allegations of a questioned complaint are substantially set out in the brief, the sufficiency of such complaint will be considered. p. 576.

10. MUNICIPAL CORPORATIONS.—*Street Assessments.—Contracts. —Waiver.*—A contract waiving irregularities in street assessments as provided by §4294 Burns 1894, Acts 1891, p. 323, §2, thus securing the privilege of paying same by instalments, creates a personal liability against the party executing same, enforceable if any part of such assessment remains unpaid after foreclosure and sale of the assessed property. p. 578.

11. PRINCIPAL AND AGENT.—*Contracts.—Personal Liability.*—An agent, disclosing his principal and acting within the scope of

his authority, is not personally liable on contracts executed on behalf of such principal. p. 578.

12. EXECUTORS AND ADMINISTRATORS.—*Powers.*—*Decedents' Estates.*—Executors and administrators derive their powers from the will of the testator or from the statutes; and they have no general or implied powers beyond those necessary to carry out those expressly conferred. p. 578.

13. SAME.—*Powers.*—*Personalty.*—In the absence of a testamentary provision to the contrary, an executor is entitled to all of the decedent's personal property for the purpose of a settlement of the estate. p. 578.

14. SAME.—*Powers.*—*Contracts Concerning Decedents' Estates.*—Executors and administrators have no power to make a new and independent contract imposing a charge upon their decedents' estates, even though such estates would be benefited thereby. p. 578.

15. SAME.—*Decedents' Estates.*—*Contracts.*—*Personal Liability.*—The general rule is that a contract executed by an executor or administrator on behalf of his decedent's estate, for its sole benefit, and intended to bind it only, is void as to such estate, and imposes a personal liability upon such executor or administrator. p. 579.

16. DESCENT AND DISTRIBUTION. — *Decedents' Estates.*—*Real Property.*—*Wills.*—Real property, on the death of its owner, descends to the heirs, and the personal representatives have no control over it, unless so provided in such owner's will. p. 580.

17. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Decedents' Estates.*—*Real Property.*—*Executors and Administrators.*—Street assessments made against lots belonging to a decedent's estate constitute no liability against the decedent nor his estate, and his personal representatives have nothing to do with same. p. 580.

18. CONTRACTS.—*For Benefit of Third Parties.*—*Consideration.*—*Estoppel.*—The defendant will not be permitted to assert a want of consideration in an action on a contract executed by him for the benefit of a third party and performed by the plaintiff. p. 580.

19. SAME.—*Consideration.*—*What is.*—A legal consideration for a contract may consist in some right, interest, profit, or benefit accruing to the promisor, or some forbearance, detriment, loss, responsibility, act, labor, or service given, suffered or undertaken by the promisee. p. 580.

20. SAME.—*Executors and Administrators.*—*Decedents' Estates.*—*Street Assessments.*—An executor is personally liable for the payment of a street assessment made against lots owned

by his testator, where such executor, on behalf of such estate, executed the contract of waiver provided by §4294 Burns 1894, Acts 1891, p. 323, §2, thus securing the right to pay such assessment in annual instalments.   p. 581.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by William J. Hayes and others against Ellen W. Shirk, as executrix of the will of Milton Shirk, deceased.   From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Kirkpatrick & Morrison, Willits & Voorhis* and *Isaac Conner,* for appellants.

*Antrim & McClintic* and *Holman & Stephenson,* for appellee.

Hadley, J.—Appellants instituted this action against Milton Shirk to recover a personal judgment upon contract. Before answer was filed Milton Shirk died.   His death being suggested, Ellen W. Shirk, his executrix, was substituted as the sole party defendant, and filed a separate demurrer to the additional second and third paragraphs of the complaint.   The demurrers were sustained, and, the plaintiffs refusing to amend, judgment was, on April 27, 1904, rendered against them for costs.   On February 13, 1905, more than one hundred days, but within one year, after the rendition of said judgment, the record of this appeal was filed in the Appellate Court.   No appeal bond was filed within ten days from the rendition of said judgment, and no order of the Appellate Court, or this court was made within one year after such decision granting the appeal.

Upon the foregoing facts appellee makes the point that the appeal herein should be dismissed because not taken in compliance with §2609 Burns 1901, §2454 R. S. 1881, §2610 Burns 1901, Acts 1899, p. 397.   This contention calls upon us to decide whether the appeal is governed by §§644, 645 Burns 1901, §§632, 633 R. S. 1881, or by the special provisions of the decedents' es-

tates act (§§2609, 2610, *supra*), which require all appeals "growing out of any matter connected with a decedent's estate" to be perfected within one hundred days unless otherwise ordered by the court.

This action had its origin in these facts: Milton Shirk, as executor of E. H. Shirk, held the record title to certain lots abutting on Kentucky street, in the city of Kokomo. In the improvement of this street, under the Barrett law, assessments of special benefits were lodged against the lots, and Milton Shirk, as executor of E. H. Shirk, executed a written waiver of irregularities, and promised to pay the assessments, and secured thereby, for the estate of E. H. Shirk, the right to pay the assessments in ten annual instalments. Appellants, as the owners of the defaulted bonds issued against said lots for the improvement, foreclosed and sold the lots, and, not realizing enough to pay the costs and full amount of the assessments, instituted this action on said contract of waiver against Shirk in his individual capacity, to recover the balance.

It is manifest that the decision complained of did not grow "out of any matter connected with a decedent's estate," but out of an alleged breach of contract with Milton Shirk.

The case was an ordinary action at law under the code. The circuit court had acquired jurisdiction of the person and subject-matter in the lifetime of Shirk, and his death did not defeat that jurisdiction. Section 272 Burns 1901, §271 R. S. 1881, provides: "No action shall abate by the death or disability of a party," but the court shall, upon motion, allow the action to proceed by or against the representative of the deceased party. Under this statute it has been held, in cases where an executor or an administrator has been substituted for a deceased party, that an appeal in such case will be governed by the civil code, and not by the special provisions of the act relating to the settlement of decedents' estates.

*Holland* v. *Holland* (1892), 131 Ind. 196, 200; *May* v. *Hoover* (1887), 112 Ind. 455, and cases cited. This appeal having been perfected within one year after the rendition of the judgment, must be held timely.

Appellee further contends that there is nothing for decision, because the complaint upon which the only question arises, and also the final judgment, are not in the record. What purport to be the additional second and third paragraphs of the complaint—those to which the demurrers were sustained—and a final judgment are present in the record, and it is claimed that they are not properly there because not called for in the precipe nor certified by the clerk.

After properly entitling the cause the precipe directs the clerk to "prepare and properly certify for use on appeal to the Appellate Court a transcript of the following papers, orders, and proceedings, filed and had in said cause: (1) The entry of said cause upon the issue docket at page 209; * * (5) the entry at page 101 of order-book 6; (6) at page 152 of same order-book, and also at page 175 of same order-book; (7) the entry at page 246 of the same order-book; (8) at page 279 of the same order-book; (9) at page 285 of the same order-book; (10) this precipe, together with the second and third paragraphs of the plaintiffs' complaint, the demurrers thereto, the rulings thereon, and exceptions thereto." The clerk certifies "that the above and foregoing transcript contains full, true and complete copies of the following papers, orders, and proceedings filed and had in said cause," and appearing on the particular pages, set forth in detail, of order-book 6, as designated by the precipe.

In the transcript so certified, at the proper place, appears the copy of the final judgment, entitled, and in terms, in conformity to the previous rulings of the court. It is true that the final judgment is not called for, in terms, but the entries in said cause, appearing on

certain pages of the order-book, are, and the precipe, though informal and unskilfully drawn, was sufficient, we think, to warrant the clerk in transcribing the entry of the final judgment, if the same was found on one of the pages designated, and as the copy of the judgment is present in the record we must presume that it was so found.

It is claimed that the record disclóses that amended second and third paragraphs of complaint were filed, and that the calling for the second and third paragraphs of 6. the complaint did not authorize the clerk to insert in the transcript copies of the amended paragraphs. It is shown by the record that these pleadings were originally filed as additional second and third paragraphs of the complaint, and were then and thereafter in every step of the proceedings so denominated. There were no such papers as amended second and third paragraphs of complaint filed. In the preparation of the transcript, however, some one, in entering the marginal notes required by the rules of this court, on appropriate pages, noted in red ink, on the left margins as follows: "2d Par. Amended Complaint," "3d Par. Amended Complaint," and these memoranda furnish the only ground for the claim that amended second and third paragraphs of complaint were filed. It is hardly necessary to add that these marginal notes were no part of the record, and serve no other purpose than to point the examiner to the particular contents of the pages.

Giving to the statute concerning precipes and transcripts in appeals (§641g Burns 1905, Acts 1903, p. 338, §7) a liberal construction, as we must, there remains no 7. doubt that the precipe in question is sufficient to sustain the controverted parts of this record.

Appellee further and very earnestly contends that this appeal should not be considered, because of appellants' noncompliance with the requirements of the fifth subdivi- 8. sion of rule twenty-two in the preparation of their brief, in that they failed to set forth the contents of

their complaint. By the provision invoked, the appellants are required in their brief to give "a concise statement of so much of the record as fully presents every error and exception relied on." The first paragraph of complaint was dismissed, and the case comes up solely upon the sufficiency of the second and third paragraphs to state a cause of action (under the Barrett law) against Milton Shirk, personally, based upon his written agreement as executor of E. H. Shirk to waive all irregularities and pay the assessment in consideration of the right to pay the same in ten annual instalments. The paragraphs are alike, except that the second is silent as to whether Shirk was authorized by the will or by the court to execute said agreement, and the third expressly alleges that he was not authorized either by the will or by the court to execute it. In ruling on the demurrers, the court held that in executing the agreement as executor he did not make himself personally liable.

This ruling of the court is the only "error and exception relied on." So much of the record, then, as fully presents this question is all that is required by the rule. When the question arises upon the pleading, it is seldom necessary, under the rule, to set out the particular pleading in full, though it may be done without violating the rule. It is, however, always highly proper to omit useless matter, and it may be said that the most accurate compliance with the rule is realized when there is carried into the brief only such averments and parts as will enable the judge, not having the record before him, fully to grasp and understand the controverted point.

The two paragraphs of complaint, in this case, cover thirty printed pages of the record, the great bulk of which is of much more assistance to the court out of the brief than in it. To show that the waiver sued on related to valid assessments, it is stated in the brief, in the proper place, though not under a separate heading, that each paragraph of the complaint sets up in detail all

the various steps which were taken in the assessment of property abutting on said street, as required by the Barrett law, from the resolution declaring the necessity for the improvement to the confirmation of the assessments by the council, the amount thereof, the default in payment, the foreclosure and sale of the Shirk property, the application of the proceeds, and the inadequacy of the proceeds to pay the assessments. The written waiver and promise to pay the assessments are also made a part of each paragraph and filed therewith. It is to be conceded that there should have been more care and accuracy observed in the statement of the contents of the complaint, particularly as to the contract of waiver, but we think enough is given to effect a substantial compliance with the rule, and the sufficiency of the complaint will therefore be considered.

The suit is based upon the following instrument:

"We, the undersigned, owners of property abutting upon Kentucky street, from Bernard to Morgan streets, in Kokomo, Indiana, severally promise and agree, in consideration of having the right.to pay in instalments our respective assessments for the improvement of said Kentucky street, as provided for in ordinance No. 785, that we will not make any objection to any illegality or irregularity as to our respective assessments, and will pay the same when due, with interest thereon at such rate, not exceeding six per cent, as shall by ordinance or resolution of the common council of the city of Kokomo be prescribed and required. Milton Shirk,
Executor for E. H. Shirk.
408 ft., Lot 91, K. & S. Add. Amount $987.36."

The real estate when assessed stood of record in the name of Milton Shirk, executor of E. H. Shirk. It so appeared upon the assessment roll. After the approval and confirmation of the assessments by the city council, within the time given by the statute, the above instrument was executed, not only by Mr. Shirk, but by divers other abutting lot owners.

It is held by the courts of this State that an agreement like the foregoing, entered into by a property owner pursuant to section seven of the act of 1889, as amended in 1891 (Acts 1891, p. 323, §2, §4294 Burns 1894), to secure the right to pay an assessment in instalments, is a new and independent undertaking, upon a sufficient consideration, and imposes upon the person executing it a personal obligation to pay any part of an assessment that may remain unpaid after foreclosure and sale of the assessed property. *Wayne County Sav. Bank* v. *Gas City Land Co.* (1901), 156 Ind. 662; *Edward C. Jones Co.* v. *Perry* (1901), 26 Ind. App. 554.

It is a familiar doctrine that when an agent discloses his principal, and acts within the scope of the agency, he does not render himself personally liable, unless so stipulated in the agency contract.

The powers, duties, and obligations of an executor or administrator with respect to the estate, like those of a trustee or public officer, are defined and limited by will or statute. He has no general or implied powers beyond those necessary to effectuate the powers expressly conferred.

In the absence of a testamentary provision to the contrary, he is entitled, by operation of law, to the possession of the personal property of the estate. It goes to him in trust for the specific purpose of adjusting and settling all contracts, claims, and obligations of the decedent that affect the assets to be administered.

He has no personal interest in the assets, and no more power than a stranger to make a new and independent contract imposing a charge upon them even for the benefit of the estate. *DeCoudres* v. *Union Trust Co.* (1900), 25 Ind. App. 271, 81 Am. St. 95; *Cornthwaite* v. *First Nat. Bank* (1877), 57 Ind. 268.

In other jurisdictions independent contracts originating with, and purporting to be executed by, an executor or ad-

ministrator, officially, for the sole benefit of the estate, and intended to bind only the estate, have been held void as to the estate, and personally binding on the officer, in the following cases: Upon an acceptance: *Perry* v. *Cunningham* (1882), 40 Ark. 185. See, also, *Carter* v. *Thomas* (1851), 3 Ind. 213. Upon covenants of title inserted by him in his conveyance of real estate: *Sumner* v. *Williams* (1811), 8 Mass. 162, 5 Am. Dec. 83; *Osborne* v. *McMillan* (1857), 5 Jones (N. C.) 109. For the price of horses purchased for use in carrying on farming for and on intestate's estate: *Rich* v. *Sowles* (1892), 64 Vt. 408, 23 Atl. 723, 15 L. R. A. 850. For money borrowed to pay debts: *McFarlin* v. *Stinson* (1876), 56 Ga. 396; *Lynch* v. *Kirby* (1880), 65 Ga. 279; *Dunne* v. *Deery* (1875), 40 Iowa 251; *Christian* v. *Morris* (1873), 50 Ala. 585; *White* v. *Thompson* (1887), 79 Me. 207, 9 Atl. 118; *Winter* v. *Hite* (1856), 3 Iowa 142; *First Nat. Bank* v. *Collins* (1896), 17 Mont. 433, 43 Pac. 499, 52 Am. St. 695.

"The rule must be regarded as well settled," says Allen, J., in *Austin* v. *Monro* (1872), 47 N. Y. 360, "that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, * * * are the personal contracts of the executors, and do not bind the estate." "An executor or administrator * * * is bound individually, and not otherwise, by his promise to pay a debt of the decedent, though he promised to pay 'as executor or administrator,' because he has no power to bind the estate by contract." 11 Am. and Eng. Ency. Law (2d ed.), 914. See, also, 18 Cyc. Law and Proc., 247, 249; *Moody* v. *Shaw* (1882), 85 Ind. 88; *Holderbaugh* v. *Turpin* (1881), 75 Ind. 84, 39 Am. Rep. 124.

The facts alleged lead us to this feature of the case. It is alleged in the complaint that Shirk, executor, had no

authority under the will or by order of the court to execute the contract sued on. The demurrer admits this averment to be true. Unlike the personalty, real property goes directly to the heir, and the personal representative has nothing whatever to do with it, or control over it, except when needed to pay debts, or it is directed by the will. So when the assessments in controversy were lodged against the lots described in the complaint, the lots belonged to the heirs, and the assessments accruing after the death of E. H. Shirk were never a debt or obligation against the testator, nor his estate. Hence of no concern to his executor.

The question therefore comes to this: The contract being void as to the estate of E. H. Shirk, did it operate as the personal obligation of Milton Shirk? It is not sufficient to relieve him from liability to show that no part of the consideration for the promise moved to him personally, or to his use. The law grants to the citizen the privilege of contracting for the benefit of third persons; and when such a contract is fulfilled by the promisee at his cost, the promisor will not be heard to say that no consideration moved to him. What constitutes a valuable and sufficient consideration for a promise is thus stated in 6 Am. and Eng. Ency. Law (2d ed.), 678: "It may be said to consist either in some right, interest, profit, or benefit accruing to the party who makes the promise, or some forbearance, detriment, loss, responsibility, act, labor, or service given, suffered, or undertaken by the other to whom it is made." See, also, a large number of cases collated in support of the text. "It is a familiar doctrine," says Woods, J., in *Shaffer* v. *Ryan* (1882), 84 Ind. 140, "that the consideration of a promise need not be a benefit to the promisor, but may consist of a benefit to a third person, or of a detriment to the purchaser."

The street was improved, and the appellants purchased the bonds on the faith of the promise made by Milton

Shirk to pay the assessments, and under the rule of law, as shown by the foregoing authorities, his estate must be held liable.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the second and third paragraphs of complaint.

## CONCURRING OPINION.

MONTGOMERY, J.—It is required by §4294 Burns 1901, Acts 1899, p. 63, as a condition precedent to the issuance of street improvement bonds and the right to pay the same in instalments, that the owner of the lot or tract of ground subject to the lien shall promise and agree in writing not to make any objection on account of any illegality or irregularity in the assessment, and to pay the same personally. The issuance of bonds without this written waiver by the owner of the real estate affected would be unauthorized; and the extension of the time of payment of the assessment lien is secured, not by a mere agreement of parties, but by virtue of a right granted by statute. The execution of such waiver and personal obligation by any one other than the owner would not satisfy the requirements of the statute, or authorize the issuance of improvement bonds, or estop the holder of the lien from collecting the assessment at any time. If the holder of the lien cannot be bound by a waiver executed by a volunteer, then there could be no consideration for the personal agreement of such volunteer promisor. These facts take this case out of the class in which an administrator or executor may bind himself personally upon an independent contract. With this explanation, and upon the understanding that the complaint proceeds upon the theory that Milton Shirk was the owner, or one of the owners, of the real estate assessed for the improvement, at the time he executed the instrument sued on, I concur in the result reached in the opinion of my brother Hadley.