## JEWETT, RECEIVER, v. HERR ET UX.

[No. 12,708.   Filed May 17, 1927.   Rehearing denied October 7, 1927.]

1. BILLS AND NOTES.—*Averments of answer and cross-complaint held insufficient to charge fraud in procuring execution of note sued on.*—In an action on a promissory note made payable to a bank, a paragraph of answer and a cross-complaint averring that the defendant executed the note, of which that sued on was a renewal, on the cashier's true statement that he was heavily indebted to the bank and that there was an urgent necessity to have a note therein in lieu of money withdrawn by him to satisfy the bank examiner, and the further statement by the cashier that it would not constitute any debt to the bank and that he would pay the interest thereon and afterwards surrender the note to the defendant, did not charge fraud in procuring the execution of the note.   p. 398.

2. BILLS AND NOTES.—*Credit given cashier of insolvent bank held sufficient consideration for note to bank by third party.*— Credit given to the cashier of a bank which was insolvent partly because of money withdrawn therefrom by him, thus enabling him to satisfy the bank examiner, was sufficient consideration for the execution of a note to the bank by a third party. p. 398.

3. BILLS AND NOTES.—The consideration of a promissory note need not be a benefit to the promisor, but it may consist of a benefit to a third person or of a detriment to the promisee. p. 399.

4. BANKS AND BANKING.—*Cashier not agent of bank in procuring execution of note to bank so as to cover up his peculations.* —The cashier of a bank that procured the execution of a note to the bank to serve as a substitute for funds withdrawn by him, and thereby satisfy the bank examiner, was not acting as the bank's agent so as to charge it with notice of fraud in procuring the execution of the note, it being executed for the accommodation of the cashier and not of the bank. p. 399.

5. BILLS AND NOTES.—*One executing note to bank at request of defaulting cashier merely to give appearance of assets in bank cannot plead such fraud as defense to note.*—One executing a note to a bank with knowledge that it was not to become an asset of the bank but was intended merely to be used as a substitute for funds wrongfully withdrawn by the cashier, thereby satisfying the bank examiner, was guilty of entering into a fraudulent scheme with the cashier to defraud the bank examiner and the bank, and he could not plead such act as a defense to the note. p. 400.

6. BILLS AND NOTES.—*Renewal note may be transferred clear of defenses if none could be made to the original.*—Where a promissory note was executed for a valid consideration and the payee had no notice of any defense to it, any renewal of such note would be as valid as the original, and the payee could transfer such renewal note and his transferree would take the same clear of defense thereto. p. 400.

7. BILLS AND NOTES.—*Purchaser of negotiable note may recover thereon even though he knows of defenses thereto unless the payee's title is impeached.*—A purchaser for value of a promissory note executed to a bank can recover on such note even though it was procured by the fraud of the cashier of the payee bank, of which the purchaser had knowledge, unless the payee's title is impeached. p. 400.

8. BILLS AND NOTES.—*Receiver of bank which purchased note may recover thereon where payee was innocent holder.*—Though the officers of a bank that purchased a note from the payee

had knowledge that the execution of a note was induced by fraud, the receiver of such bank may recover thereon where the payee was an innocent holder.    p. 400.

From Dubois Circuit Court; *John F. Dillon*, Judge.

Action by Charles W. Jewett as receiver of the Beech Grove State Bank against George Herr and wife.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*   By the court in banc.

*Roemler, Carter & Rust, Philip Lutz, Jr.* and *Bomar Traylor,* for appellant.

*Frank H. Hatfield, William C. Welborn* and *Louis L. Roberts,* for appellees.

NICHOLS, J.—Action by appellant as indorsee of a note secured by a mortgage to recover the amount due and foreclose the mortgage.

The complaint, in one paragraph, originally was filed to secure judgment for interest due on the note and to foreclose the mortgage given to secure that interest. Afterwards, a supplemental complaint was filed showing that the entire note was due, and judgment was asked upon the note for principal and interest and the foreclosure of the mortgage.   To this complaint, appellees filed an answer in ten paragraphs, thereafter dismissing the eighth and ninth.   The remaining paragraphs in their order are: general denial; plea of payment; no consideration; failure of consideration; appellant was not the owner of the note and mortgage sued on; there was no consideration for the note and mortgage and the bank of which appellant is receiver knew that fact before it secured the assignment of the note and mortgage; consideration of the note and mortgage had wholly failed before the bringing of the action, and the bank knew it before receiving the same; fraud in the execution of the note and mortgage, of which the bank had notice before it became the owner

of the same. A cross-complaint, charging fraud in the execution of the note and mortgage and asking that the same be canceled, was filed. Appellant's respective demurrers to the seventh paragraph of answer, to the amended tenth paragraph of answer, and to the cross-complaint were each overruled. Appellant filed a reply in denial to each affirmative paragraph of answer, and also answer in denial to the cross-complaint. Appellant also filed a second paragraph of reply to each the third, fourth, sixth and amended tenth paragraphs of appellee's answer, alleging that the bank became the holder of the note secured by mortgage before it was overdue, without any notice of dishonor, etc., and also an affirmative answer to the cross-complaint setting up the same facts. Appellee filed a denial to the affirmative answer to the cross-complaint. On these issues, the cause was submitted to the court for trial, and it decided the issues in favor of appellees, and rendered judgment accordingly, from which this appeal, appellant assigning as error the action of the court in overruling appellant's respective demurrers to the seventh paragraph of answer, to the amended tenth paragraph of answer, and to the cross-complaint, and in overruling appellant's motion for a new trial.

It is averred in the complaint that on August 16, 1921, appellee George Herr, by his promissory note, a copy being filed, promised to pay to the Farmers Bank of Newburgh, Indiana, $5,000, on or before two years after date, with interest. On said day, to secure the payment of said note, appellees executed to the bank their mortgage, a copy of which is filed. That prior to the maturity of said note, said bank, for a valuable consideration, assigned said note to appellant by indorsement in writing and that appellant has ever since been the holder thereof. There is now due and unpaid on said note $350 as interest, comprising two semiannual install-

ments, and that $100 would be a reasonable fee for appellant's attorney for the foreclosure of said mortgage. The supplemental complaint avers the whole debt to be due and demands judgment and foreclosure accordingly.

The court did not err in overruling appellant's demurrer to the seventh paragraph of answer which averred failure of consideration. Appellant practically concedes that, under the act of April 26, 1915, §360 Burns 1926, his remedy was by motion to make more specific, rather than by demurrer.

It is averred in the amended tenth paragraph of answer that the note and mortgage in this action sued on were procured from appellee by fraud, and, in support of said charge of fraud, appellees say: That in February, 1921, appellee George Herr was a resident of Warrick county, Indiana, and lived within a few miles of the town of Newburgh, wherein was located the Farmers Bank of Newburgh. Said bank, at said time, was in failing financial condition and in need of cash and securities. At said time, J. C. Effinger was the cashier of said bank, having been placed in said position by Jourgon Olson, who was the owner of a majority of the stock of said bank, and determined its policy and controlled its operations. At said time, said Effinger was largely indebted to said bank, a part of which indebtedness was represented by notes given by himself, some with and some without security, and such indebtedness did not have sufficient security to guarantee its repayment, nor to satisfy the state bank examiner nor the directors. Effinger's indebtedness gradually increased from a small amount until, on February 15, 1921, it became necessary for him to have in said bank some collateral to represent withdrawals he had made from the cash. Said Effinger became on very intimate terms with appellees; that on February 15, 1921, he called appellee George Herr to the bank, stated his con-

dition, and his financial embarrassment with said bank, and stated to said appellee that it would be necessary for him to have a note in said bank to represent assets to take the place of the abstraction and withdrawal of said money, all for the purpose of satisfying the bank examiner, and requested said appellee to execute his note, payable to the bank in the sum of $5,000 due six months after date, and stated that it would cost him nothing, would represent no debt or obligation to the bank and that said Effinger would pay the interest thereon and afterwards surrender the note. Said appellee, having implicit faith and confidence in Effinger, and desiring to save him any embarrassment, and solely upon his promises, agreements and representations executed said note and delivered the same to him. That appellees did not, nor did either of them, owe said bank or said Effinger any money whatever, and said note represented no consideration, past or present, either going to or from them or either of them. They paid no interest on said note and were not called upon so to pay, but when the same became due on August 15, 1921, said Effinger and said Olson represented to appellee George Herr that his said note was due and was without security, which condition was not satisfactory to the bank examiner, and that it would be necessary to renew said note. Thereupon, appellee George Herr detailed fully to Olson the conditions under which said note was given as above set out, and that he was in no way indebted to the bank, that there was no consideration for the note, and that it was only given for the purpose of accommodating Effinger, to relieve his embarrassment in connection with the bank, at which time Effinger had ceased to be cashier. He was then informed by Olson, Effinger and Halvorsen, then the cashier, that a new note would have to be given simply to take the place of the note then due, to be secured by a mortgage upon

his real estate, and that his liability to the bank would not be in the least changed, and that he would not be indebted to the bank, but that said note was only given to satisfy the bank examiner and to relieve the embarrassing situation in said bank as above set out; that thereupon he agreed to execute a renewal note secured by a mortgage on his real estate, which was done on the following day, his wife joining in said mortgage, and the note and mortgage herein sued on is the note and mortgage executed pursuant to said arrangement.   It is then averred that these things were done as a result of a conspiracy between Effinger, Olson and Halvorson to defraud appellees in order to relieve the embarrassment of the bank, and that the note and mortgage were purchased by appellant, by the procurement of Olson, and with knowledge of the alleged fraud, through Olson, who was owner of a majority of the stock in both banks.

Appellees' cross-complaint is identical with the amended tenth paragraph of answer, except that it prays affirmative relief by way of a surrender and cancellation of the note and mortgage in suit.

We fail to find any fraud charged, as against appellees, in either the amended tenth paragraph of answer or in the cross-complaint in procuring the execu-
1, 2.  tion of the original note, of which the note in suit, with its mortgage securing it, is a renewal. It clearly appears that Effinger, the cashier, was heavily indebted to the Newburgh bank, and that he called appellee George Herr to the bank and candidly stated his condition, and financial embarrassment with the bank, and that it would be necessary for him to have a note in the bank to represent assets to take the place of the money by him abstracted and withdrawn, all for the purpose of satisfying the bank examiner.   He then requested appellee George Herr to make his note to the bank for $5,000, due six months after date, promising

that it should represent no debt or obligation to the bank, that it should cost appellee nothing, that Effinger would pay the interest thereon, to the bank, of course, and that he would later surrender the note to him. On this true statement of Effinger's condition, and his necessities, and on his said promises, said appellee executed the note and gave it to Effinger. It appears by the undisputed evidence that the note accomplished the purpose intended—it gave Effinger a credit of $5,000 in the bank. There was, then, a sufficient valid consideration for the note. A note is but a promise to pay, and it is a familiar doctrine that the consideration of a promise need not be a benefit to the promisor, but it may consist of a benefit to a third person, or of a detriment to the promisee. *Shaffer* v. *Ryan* (1882), 84 Ind. 140; *Hayes* v. *Shirk* (1906), 167 Ind. 569, 78 N. E. 653; *Jaqua* v. *Montgomery* (1870), 33 Ind. 36, 45, 5 Am. Rep. 168.

It is clear from the allegations of the answer that the note in suit was not executed for the accommodation of the bank, but that it was executed to the bank,

3. for the accommodation and use of Effinger, to protect him from an embarrassing situation in which he found himself with the bank. When so acting, he cannot be said to be acting as the agent of the bank so as to charge the bank with any notice of fraud against appellees, even if there had been such fraud. *Peckham* v. *Hendren* (1881), 76 Ind. 47, 53, 54.

There is no averment in the answer that any official of the bank, other than Effinger, knew anything about the transaction between Effinger and appellee, or

4. of the purpose for which the note was executed. The Newburgh bank gave a valid and valuable consideration for the note, and had no knowledge of any defenses thereto because of any fraud perpetrated on appellees or either of them.

But if, as appellees contend, the note was not intended to represent an indebtedness to the bank, thereby paying a part of Effinger's obligations, but was only 5. intended to give an appearance of assets which the bank did not have, then, with knowledge of such a purpose, appellee George Herr was guilty of entering into a fraudulent scheme with Effinger to defraud the bank examiner, and the bank, and he cannot now plead his own fraudulent act as a defense against the note.

The Newburgh bank having the note clear of any defense against it on the part of appellee George Herr, then any renewal thereof was as valid as the 6, 7. original note, and the bank could transfer the original note, or its renewal, conferring upon the transferee the same rights that it had in regard thereto. Even if the note had been obtained from appellees by fraud, and appellant had been fully informed of such fraud, yet, unless the title of the payee of the note was impeached, appellant could recover. *Riley* v. *Schawacker* (1875), 50 Ind. 592; *Thomas* v. *Ruddell* (1879), 66 Ind. 326; *Proctor* v. *Baldwin* (1882), 82 Ind. 370.

It follows that it can make no difference as to any information that the officers of Beech Grove State Bank might have received concerning the circum- 8. stances under which the note was executed, even though the execution was induced by fraud, it appearing that the Newburgh bank was an innocent holder, appellant can recover.

The demurrer to the tenth paragraph of answer and to the cross-complaint should have been sustained.

Reversed, with instruction to grant a new trial and to sustain the respective demurrers to the amended tenth paragraph of answer and to the cross-complaint.

Dausman, J., absent.